In the Matter of Warren Ronald COAN and Janis Ruth Coan, Debtors.

Warren Ronald COAN and Janis Ruth Coan, Plaintiffs,

v.

The UNITED STATES of America, DE-PARTMENT OF TREASURY, Defendant.

Bankruptcy No. 85–578.
Adv. No. 86–167.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 16, 1987.

C. Kathryn Preston, Tampa, Fla., for plaintiffs.

U.S. Dept. of Justice, Washington, D.C., for the U.S., Dept. of Treasury.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Motion for Partial Summary Judgment filed by Warren Ronald Coan and Janis Ruth Coan (Debtors), the Plaintiffs in the above-captioned adversary proceeding. The Debtors allege that there are no genuine issues of material fact and they are entitled to judgment as a matter of law. The Court has considered the Motion, together with the record, heard arguments of counsel, and finds as follows:

On March 11, 1985, the Debtors filed a Chapter 13 Petition. The Internal Revenue Service (IRS) filed an amended proof of claim # 13 dated August 30, 1985, for certain pre-petition taxes due to the IRS. Claim # 13 superseded Claim # 11 which had been previously filed. The IRS claims to be partially secured by virtue of the tax liens filed in the public records of Hillsborough County, and it is the position of the IRS that the lien attaches to personal property of the Debtors as well as real property. On July 9, 1985, the Debtors objected to the IRS claim as secured and stated that the Debtors own no real property to which the lien attaches and asserted that the tax lien does not attach to personal property. The Debtors also filed a Motion for Valuation of Collateral in the event that the lien of the IRS was deemed to attach to the personal properties of the Debtors. On October 2, 1985, this Court entered an Order on Objection to Claim of IRS and Motion for Valuation of Collateral and held that the tax lien filed by the IRS does not attach to the Debtors' personal properties without further action by the IRS. The objection was sustained, and the amended claim of the IRS was allowed as an unsecured claim in the amount filed. On October 11, 1985, the IRS filed a timely Notice of Appeal of this Court's October 2, 1985, Order. On February 21, 1986, U.S. District Court reversed and held that the IRS had established appropriate secured status by effectuating a levy and the requirement of state law to perfect secured interests and priority over federal tax liens do not apply to a federal tax lien. The district court remanded the matter with direction to dismiss the matter, i.e., to overrule the objection and enter a judgment in accordance with the Order.

On April 4, 1986, the Debtors filed a Complaint to Avoid Lien of the IRS pursuant to § 545(2) of the Bankruptcy code. In essence, it is the Debtors' contention that even though a tax lien may have been properly perfected under the IRS Code, a lien may be invalidated by virtue of § 6323 of the Internal Revenue Code (26 U.S.C.) and § 545(2) of the Bankruptcy Code.

In due course the Debtors filed the Motion for Partial Summary Judgment, the motion presently under consideration. The IRS filed an Opposition to Plaintiff's Motion challenging the Debtors' right to invalidate the tax lien. The IRS contends that the Debtors' attempt to invalidate the tax lien of the IRS is nothing more than a collateral attack on the ruling of the district court, and since that order was not appealed, that became a final binding order on the Debtors and this issue cannot be revisited by this Court and the Debtors are barred from challenging the tax lien of the IRS based on the doctrine of *res judicata* or the doctrine of collateral estoppel.

From the foregoing it is evident that the threshold question is the legal effect of the district court order on the issues raised by the Debtor in this Complaint. To put it another way, whether or not either the doctrine of *res judicata* or the narrower doctrine of collateral estoppel would bar the Debtors from litigating any further the validity vel non of a tax lien acquired by the IRS by levy. If this is answered in the affirmative, that would end the litigation; however, if it does not, then the Court still must consider whether or not a Chapter 13 debtor can utilize the voiding provisions of 11 U.S.C. § 545(2) by assuming the position of a bona fide purchaser for value who,

under this section, could invalidate and obtain priority over tax liens.

■ The doctrine of *res judicata* is a time-honored principle developed to assure the finality of decisions. As noted, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Brown v. Felsen,* 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) (*citing Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979)). *Res judicata* encourages reliance on judicial decisions, bars vexatious litigation and frees the courts to resolve the issue previously litigated. The doctrine prohibits the relitigation of issues actually litigated between the same parties and those which might have been litigated previously. In this case, *res judicata* is not applicable because the objection to the secured claim of the IRS involved only the narrow question of whether or not an IRS levy creates a lien on personal property of the tax payer as distinguished from real property and did not involve the right of a Chapter 13 debtor to invalidate the tax lien pursuant to § 545(2) or 26 U.S.C. § 6323. On the contrary, the present position advanced by the Debtor recognizes the ruling of the district court, thus, the existence of the tax lien on the personal property of the Debtor who seeks to invalidate same pursuant to a specific provision of the Bankruptcy Code. This conclusion leads to an analysis of collateral estoppel.

■ A court may properly apply the narrow doctrine of collateral estoppel when four conditions are satisfied:

1. The issue sought to be precluded must be the same as that involved in the prior action;
2. The issue must have been actually litigated;
3. It must have been determined by valid and final judgment; and
4. The determination must have been essential to the prior judgment.

*In re McMillan,* 579 F.2d 289, 291–92 (3rd Cir.1978); *In re Dohm,* 19 B.R. 134 (Bankr. N.D.Ill.1982).

■ First, the issue involved in the Objection to Claim of IRS was the secured status vel non of the tax lien. The issue presently under consideration herein is whether the tax lien can be avoided by Chapter 13 Debtors pursuant to § 545(2) of the Bankruptcy Code. Second, the issue involved herein was not litigated previously. Third, the judgment on the Objection to Claim was a valid and final judgment, but has no relevancy to this cause of action. Fourth, the determination previously made on the Objection to Claim was essential only as it pertained to the secured status of the IRS tax lien. Based on the foregoing, the doctrine of collateral estoppel is not applicable to the present adversary proceeding and Complaint.

■ Section 103 of the Bankruptcy Code provides that the provisions of Chapter 5 of the Bankruptcy Code are provisions of general applicability and apply to any case filed under Chapter 7, Chapter 11, Chapter 12 or Chapter 13. It is without dispute that Chapter 13 debtors are empowered and have the ability to exercise the Trustee's lien avoidance powers under Chapter 5. *See In re Hall,* 26 B.R. 10 (Bankr.M.D.Fla. 1982); *see also In re Chapman,* 51 B.R. 663 (Bankr.D.C.1985) (§ 544); *In re Einoder,* 55 B.R. 319 (Bankr.N.D.Ill.1985) (§ 547); *In re Boyette,* 33 B.R. 10 (Bankr. N.D.Tex.1983) (§ 544).

This adversary proceeding was commenced by a Complaint to Avoid Liens of IRS pursuant to § 545(2) of the Bankruptcy Code which provides as follows:

The Trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

The legislative history of this section specifically addresses federal tax liens and states as follows:

Thus a Federal tax lien is invalid under Section § 545(2) with respect to property

specified in Sections 6323(b) and (c) of the Internal Revenue Code of 1954 [sections 6323(b) and (c) of Title 26, Internal Revenue Code].

*124 Cong.Rec. H. 11,097 (daily ed. Sept. 28, 1978).*

Section 545(2) deals with all types of statutory liens, including tax liens. Section 545(2) requires perfection of the lien and in essence establishes a bona fide purchaser test in order to determine perfection of the property subject to the lien. This test provides that for a statutory lien to be valid against the trustee it must be perfected or enforceable against one acquiring the rights of a bona fide purchaser of property subject to the lien, whether or not such a purchaser actually exists, at the time of the commencement of the case. For the purposes of testing the validity of statutory liens under this provision, the Trustee is given the status of a hypothetical bona fide purchaser and he acquires that status as of the date of the filing of the petition. If the lien cannot be perfected against a bona fide purchaser of certain kinds of property, then the lien is avoidable *per se* with respect to such property, *eg.* § 6323(b) of the Internal Revenue Code. Since § 545 invalidates a lien only to the extent it is voidable, such a lien would remain valid to the extent it is perfected against a bona fide purchaser of other kinds of property. In other words, the enforceability of a statutory lien depends upon its state of perfection as of the date the Petition is filed.

As indicated *supra,* prior to the commencement of the Chapter 13 case, the IRS filed on behalf of the United States of America a Federal tax lien in the public records of Hillsborough County, Florida. According to the Internal Revenue Code, the filing of a tax lien encumbers all personal properties of the Debtor except as otherwise provided. Section 6323 of the Internal Revenue Code provides exceptions to the scope of the Federal tax lien and § 6323 in pertinent part provides as follows:

(b) Protection for certain interests even though notice of a lien imposed by § 6321 has been filed, such lien shall not be valid—

(1) Securities

With respect to a security (as defined in subsection (h)(4))—

(A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

(B) as against a holder of a security interest in such security who at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien.

(2) Motor vehicles

With respect to a motor vehicle (as defined in subsection (h)(3)), as against a purchaser of such motor vehicle if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien; and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

(3) Personal property purchased at retail

With respect to tangible personal property purchased at retail, as against a purchaser in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such purchase will), hinder, evade, or defeat the collection of any tax under this title.

(4) Personal property purchased in casual sale

With respect to household goods, personal effects, or other tangible personal property described in § 6334(a) purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

It is evident that § 6323 contains a number of super-priorities, *i.e.* groups of persons

granted protection in their dealings with the taxpayer even after the notice of tax lien has been filed. *Collier on Bankruptcy* states:

Because of the superpriority status, the trustee, under § 545(2), may step into the shoes of a hypothetical bona fide purchaser of these kinds of property and invalidates tax liens to the extent such liens encumber the kinds of personal property listed above notwithstanding the perfection of the lien prior to the filing of the petition.

4 *Collier on Bankruptcy*, ¶ 545.04, at 545–24 (15th ed. 1986).

Based on the foregoing, this Court is satisfied that the Trustee may avoid statutory liens, including Federal tax liens, under § 545(2) of the Bankruptcy Code based on his status as a hypothetical bona fide purchaser; the Chapter 13 Debtors are empowered with the Chapter 5 avoidance powers just like the Trustee; the Chapter 13 Debtors have the status of hypothetical bona fide purchasers and thus may avoid statutory liens pursuant to § 545(2) of the Bankruptcy Code.

The Debtors listed their personal properties in the Complaint as follows:

1976 Chevrolet
1977 Ford LTD Wagon
Household Goods
Husband's Personal Effects
Wife's Personal Effects
Utility Deposits
USF Credit Union Account
10,000 Shares of Consolidated Management Systems, Inc.
Computer Software

The Debtors' Motion for Partial Summary Judgment pertains to all personal properties listed *supra* except the computer software. The Debtors' two vehicles certainly fall within § 6323(b)(2) of the Internal Revenue Code. The Debtors' household goods are valued at $500.00 in the aggregate and fall within § 6323(b)(3). The Debtors' personal effects are valued at $100.00 for the husband and $250.00 for the wife and these items fall within § 6323(b)(4). The utility deposits, credit union accounts, and corporate stock fall within § 6323(b)(1). The

Debtors concede that the only item which remains subject to the lien of the IRS can cannot be avoided under § 6323 of the Internal Revenue Code is the computer software.

Based on the foregoing, the Debtors' Motion for Partial Summary Judgment should be granted, and a separate final judgment will be entered in accordance with the foregoing.