**In re Jay W. MATTIS, Debtor.**

**Bankruptcy No. 87–02067T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 28, 1988.

Henry S. Friedman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

John R. Crayton, McCarthy & Crayton, Bensalem, Pa., for debtor.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtor, Jay W. Mattis ("debtor"), has filed a motion to avoid the statutory lien of the IRS under 11 U.S.C. § 545(2), to which the United States has filed a motion to dismiss. The parties stipulate that the IRS properly filed a notice of tax lien pursuant to 26 U.S.C. § 6323(a) and (f) prior to the filing of debtor's chapter 13 petition and that debtor owns no real property or automobiles, but only personal property valued at $2010.00. The parties further stipulate that the only issue to be decided is whether

debtor can avoid the IRS lien under 11 U.S.C. § 545(2). For the reasons outlined below, we find that debtor lacks standing to invoke the § 545(2) avoiding powers of the trustee to avoid an IRS lien. Accordingly, we grant the United States' motion to dismiss.

11 U.S.C. § 545(2) provides that:

The *trustee* may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\* \* \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;[1]

\* \* \*

(emphasis added). 11 U.S.C. § 522(h) confers standing upon a debtor to invoke the trustee's § 545 avoiding powers, but only to the extent that the debtor could exempt the property involved.[2] *Perry v. U.S.A. (In re Perry)*, 90 B.R. 565 (Bankr.S.D.Fla. 1988); *In re Ridgley*, 81 B.R. 65 (Bankr.D. Or.1987); *Matter of Driscoll*, 57 B.R. 322, 14 C.B.C.2d 146, Bankr.L.Rep. ¶ 70,994 (Bankr.W.D.Wisc.1986).

However, 11 U.S.C. § 522(c)(2)(B) bestows added protection upon perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been properly filed. We agree with those courts which have concluded that a debtor's limited standing to avoid statutory liens under 11 U.S.C. § 545 must

---

**1.** Instantly, debtor admits that the tax lien was properly perfected before the commencement of his case. Debtor argues, however, that when dealing with an IRS lien, the § 545(2) avoiding power is buttressed with the "superpriority" position afforded a purchaser of certain types of personal property under limited conditions pursuant to the Internal Revenue Code, *see,* 26 U.S.C. § 6323(b)(4), and that he may therefore invoke § 545(2) to avoid the IRS lien, notwithstanding its perfected status. *See Coan v. U.S.A. (Matter of Coan)*, 72 B.R. 483 (Bankr.M.D.Fla. 1987); *but see, In re Bates*, 81 B.R. 63 (Bankr.D. Or.1987). We need not decide this issue as we find that debtor lacks standing to invoke the trustee's § 545(2) avoiding power in this case. However, we note our concurrence with footnote 2 of Bankruptcy Judge Thomas C. Britton's

decision in *Perry v. U.S.A. (In re Perry)*, 90 B.R. 565 (Bankr.S.D.Fla.1988) which suggests that while the "superpriority" position of a purchaser under 26 U.S.C. § 6323(b) might be consistent with the *trustee's* power in bankruptcy to avoid IRS liens for the benefit of *creditors,* it does not follow that Congress intended to confer this "superpriority" status upon a bankruptcy debtor to enable him to avoid IRS liens on exempt property for the sole benefit of himself.

**2.** The United States argues that since § 545 authorizes only the trustee to avoid statutory liens, debtor lacks standing to invoke the trustee's § 545(2) avoiding power. We find this position overly simplistic since it overlooks the impact of 11 U.S.C. § 522(h) upon 11 U.S.C. § 545(2).

be reconciled with the protection afforded perfected tax liens under 11 U.S.C. § 522(c)(2)(B). Like those courts, we hold that Congress did not intend to allow chapter 13 debtors to circumvent the effects of § 522(c)(2)(B) by invoking the trustee's avoiding power under § 545(2). *See In re Perry, supra; In re Ridgley, supra; Matter of Driscoll, supra.* Accordingly, we find that debtor lacks standing to file the instant motion to avoid the IRS lien under § 545(2) and we grant the United States' motion to dismiss.

An appropriate order will follow.