In re Lewis W. WILLIAMS and Annie B. Williams, Debtors.

Bankruptcy No. C–B–89–30113.

United States Bankruptcy Court, W.D. North Carolina.

Nov. 15, 1989.

R. Keith Johnson, Charlotte, N.C., for debtors.

James M. Sullivan, Asst. U.S. Atty., Charlotte, N.C., for the U.S.

Order Granting Trustee's Motion To Modify Chapter 13 Plan To Provide For Secured Claim Of IRS

GEORGE R. HODGES, Bankruptcy Judge.

This matter is before the court on the Chapter 13 Trustee's motion to modify the debtors' Plan to provide for a secured claim of the Internal Revenue Service ("IRS"), the debtors' objection to the Trustee's motion, and IRS' opposition to the debtors' objection. The court has concluded that IRS is properly secured in the debtors' property involved here and that the Trustee's motion should be granted. However, the court will follow its prior decisions that Chapter 13 Plan payments are "voluntary" and, thus, subject to designation by the debtor and not the IRS. Consequently, the Trustee's modification should be calculated on the basis of the debtors' designation as to which tax obligations the payments are to apply.

FACTS AND CONTENTIONS

The debtors filed a Chapter 13 petition on January 31, 1989, and the IRS filed a proof of claim listing secured taxes in the total amount of $13,335.65 on April 11, 1989. The Chapter 13 Trustee subsequently filed a Motion to Modify the debtors' Plan to include the secured claim of the IRS. The debtors filed an objection to that motion, alleging that the total equity under Bankruptcy Code § 506(a) is limited to $9,800. Furthermore, the debtors alleged that the IRS does not have a lien on the automobiles because no such lien is noted on the titles to the vehicles. Since the IRS' tax lien is not noted on the titles, the debt-

ors allege that the IRS' lien claim should be limited to $7,600, which is the amount of debtors' equity in their real and personal property less the value of the automobiles in issue.

The debtors listed three automobiles on their schedule of assets as follows:

| | | |
|---|---|---|
| 1984 Toyota Cressida | – Market value | $6,000 |
| | Encumbrances | $6,300 |
| 1976 Lincoln | – Market value | $1,500 |
| | Encumbrances | –0– |
| 1976 Lincoln (damaged) | – Market value | $ 700 |
| | Encumbrances | –0– |
| Total Equity | – $2,200 | |

The debtors also requested that all payments be designated to the tax debts for the 1986 and 1987 taxable years. Further, the debtors claim that the lien claim of the IRS can be avoided with respect to the automobiles under Bankruptcy Code § 545(2) and I.R.C. § 6323(b)(2).

The Internal Revenue Service does not contest that the amount of equity in the debtors' property is limited to $9,800. It is the IRS' position, however, that its lien claim is fully secured in the amount of $9,800, and the debtors cannot avoid its lien claim with respect to the equity value of the automobiles in the amount of $2,200. Furthermore, it is the IRS' position that the debtors cannot designate that payments be applied against certain income tax liabilities.

## DISCUSSION

I. IRS Has a Lien on the Debtors' Automobiles Notwithstanding the Absence of a Notation on the Title.

The debtors assert that IRS does not have a lien on their automobiles because no such lien is noted on the titles. That assertion must fail.

■ Federal law controls the enforcement of federal tax liens. *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110, 4 L.Ed.2d 1192 (1950). A federal tax lien attaches to all real and personal property of the debtors pursuant to 26 U.S.C.

§ 6321, and is perfected by the filing of a notice of tax lien pursuant to 26 U.S.C. § 6323(f). That was accomplished in this case in accordance with Rev.Reg. § 301.6323(f)(1) and N.C.Gen.Stat. § 44–68.1(b)(2). While the normal method for recording a lien on a motor vehicle is to record it on the certificate of title (*see* N.C.Gen.Stat. § 20–58), North Carolina law makes that method of perfecting a lien expressly inapplicable to federal tax liens. N.C.Gen.Stat. § 20–58.8(b)(2). Consequently, the IRS lien has attached to and is secured by the debtors' automobiles.

II. The Debtors Cannot Avoid the IRS' Statutory Lien.

■ The debtors assert that they have the right to avoid the IRS' lien pursuant to their adopted Trustee's avoiding powers. *See* 11 U.S.C. §§ 545(2) and 522(h). The courts that have considered this issue have reached different conclusions for different reasons. This court has concluded to follow the reasoning of those courts that have held that the Chapter 13 debtors cannot avoid IRS' lien.

Section 545(2) provides that the Trustee may avoid statutory liens as follows:

The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

\* \* \* \* \* \*

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists; ...

11 U.S.C. § 545(2). Section 522(h) confers on the debtors the right to invoke the Trustee's avoiding powers to the extent of the debtors' right to an exemption in the property involved. 11 U.S.C. § 522(h).

In *In re Mattis,* 93 B.R. 68 (Bankr.E.D. Pa.1988), the court held that the debtors' limited standing to adopt the Trustee's avoiding powers was further limited in the case of tax liens by § 522(c)(2)(B). That section provides that otherwise exempt property remains liable for a properly per-

fected tax lien. 11 U.S.C. § 522(c)(2)(B). Consequently, since the debtors do not have an exemption right as to a tax lien, they lack standing to invoke the Trustee's § 545(2) avoiding powers. The court in *Mattis* relied on *Perry v. U.S.A.*, 90 B.R. 565 (S.D.Fla.1988); *In re Ridgley*, 81 B.R. 65 (Bankr.D.Or.1987); and *Matter of Driscoll*, 57 B.R. 322 (Bankr.W.D.Wis.1986).

In *In re Bates*, 81 B.R. 63 (Bankr.D.Or. 1987), the court noted that, while the Chapter 13 Trustee has certain avoiding powers as a hypothetical purchaser at commencement of the case, the Code does not grant the Trustee hypothetical possession at the time of commencement of the case. 81 B.R. at 64 (*citing, Matter of Tape City, USA, Inc.*, 677 F.2d 401 (5th Cir.1982)). Thus, the status of bona fide purchaser conferred upon the Trustee (but without possession) is insufficient to permit avoidance of the IRS' lien. *See*, 26 U.S.C. § 6323(b).

Reaching a conclusion contrary to the above cases is *Matter of Coan*, 72 B.R. 483 (Bankr.M.D.Fla.1987). There the court relied largely on a portion of the Code's legislative history in concluding that the debtors could avoid a federal tax lien in property as is involved here. But, the problem with the reasoning of *Coan* is that the legislative history on this point is contradictory and, thus, not controlling. *Coan* concluded as follows:

> Section 545 of the House amendment modifies similar provisions contained in the House bill and Senate amendment to make clear that a statutory lien may be avoided under section 545 only to the extent the lien violates the perfection standards of section 545. Thus, a Federal tax lien is invalid under sections 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code of 1954. As a result of this modification, section 545(b) of the Senate amendment is deleted as unnecessary. 124 Cong.Rec. H 11,097 (Sept. 28, 1978); S 17,413 (Oct. 6, 1978).

But, § 545(b) of the Senate amendment, deleted as "unnecessary" because of the House modification, was inserted for the purpose of *limiting* a trustee's powers under Bankruptcy Code § 545(b):

> Subsection (b) limits the trustee's power to avoid tax liens under Federal, state or local law. For example, under section 6323 of the Internal Revenue Code (sic) Once public notice of a tax lien has been filed, the government is generally entitled to priority over subsequent lienholders. However, certain purchasers who acquire an interest in certain specific kinds of personal property will take free of an existing filed tax lien attaching such property. Among the specific kinds of personal property which a purchaser can acquire free of an existing tax lien (unless the buyer know of the existence of the lien) are stocks and securities, motor vehicles, inventory, and certain household goods. Under the present Bankruptcy Act (section 67(c)(1)), so that the trustee may be viewed as a bona fide purchaser, he can take over any such designated items free of tax liens even if the tax authority has perfected its lien. *However, the reasons for enabling a bona fide purchaser to take these kinds of assets free of an unfiled tax lien, that is, to encourage free movement of these assets in general commerce, do not apply to a trustee in a title 11 case, who is not in the same position as an ordinary bona fide purchaser as to such property. The bill accordingly adds a new subsection (b) to section 545 providing in effect that a trustee in bankruptcy does not have the right under this section to take otherwise specifically treated items of personal property free of a tax lien filed before the filing of the petition.*

Senate Report No. 95–989, 95th Cong.2d Sess. 85–86 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5871–5872 (Emphasis added).

So it appears that the legislative history of § 545 is unclear and contradictory. The first legislative history quoted above, which is a modification by the House, appears to permit the avoidance of federal tax liens while stating that the Senate's proposed § 545(b), which was to eliminate the avoidance power, is unnecessary be-

cause of the modification. Senate Report No. 95–989 correctly sets forth that the purpose of the "super priority" provisions in I.R.C. § 6323(b) is to encourage free movement of the enumerated assets in general commerce. Consequently, the clouded and contradictory legislative history does not provide sufficient basis to deviate from the language of the code or the logic of *Mattis, Bates* and the other cases which limit the debtors' right to avoid tax liens in these circumstances.

Because of the uncertainty of this legislative history, the court concludes that it, and *Coan*, are not sufficient bases for holding contrary to the other courts that have dealt with this issue. Consequently, the court has concluded that the debtors may not avoid the IRS lien on their property.

### III. Chapter 13 Plan Payments Are "Voluntary" and May Be Designated By the Debtors.

 The debtors assert the right to designate to which of their past due taxes their Chapter 13 Plan payments are applied. Here, some of that tax liability is priority (and not dischargeable) and some of it is unsecured (and dischargeable). There is a split of decisions on this issue. In dealing with that issue in a prior case, the court concluded that Chapter 13 Plan payments are "voluntary" and, thus, subject to designation by the debtors. *In re Burnette*, C–B–86–01029 (Bankr.W.D.N.C. 1989). That decision is on appeal to the District Court. The court will follow its decision in *Burnette* in this case and until directed otherwise by a higher court. Consequently, the court will permit the debtors to designate to which taxes their Chapter 13 Plan payments should be made.

It is therefore ORDERED that:

1. The Trustee's Motion to Modify the Plan is granted;

2. The debtors shall be permitted to designate to which of their tax debts their Chapter 13 Plan payments shall be applied; and

3. The debtors' Chapter 13 Plan shall be modified consistent with this decision and Order.