**In Re Thomas A. SIERER, Debtor.**

**Thomas A. SIERER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Bankruptcy No. 88–00231.
Adv. No. 90–9008.

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

Oct. 30, 1990.

Lisa C. Cohen, Keystone Heights, Fla., for plaintiff.

Carol K. Ide, Dept. of Justice, Washington, D.C., for defendant.

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

These motions are before the court in an adversary proceeding initiated by the debtor-in-possession. Both parties filed memoranda in support of their respective positions, and a hearing was held October 4, 1990. The issue before the court is whether a debtor-in-possession can avoid a federal tax lien as to properties enumerated in § 6323(b) of the Internal Revenue Code by virtue of his avoiding powers as set forth in § 545(2) of the Bankruptcy Code.

Section 545(2) of the Bankruptcy Code provides:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such a purchaser exists;

The relevant portions of § 6323(b) of the Internal Revenue Code state:

(b) **Protection for certain interests even though notice filed.**

Even though notice of a lien imposed by section 6321 has been filed, such lien shall not be valid—

(1) **Securities.** With respect to a security (as defined in subsection (h)(4))—

(A) as against a purchaser of such security who at the time of purchase did not have actual notice or knowledge of the existence of such lien; and

(B) as against a holder of a security interest in such security who, at the time such interest came into existence, did not have actual notice or knowledge of the existence of such lien.

(2) **Motor vehicles.** With respect to a motor vehicle (as defined in subsection (h)(3)), as against a purchaser of such motor vehicle, if—

(A) at the time of the purchase such purchaser did not have actual notice or knowledge of the existence of such lien, and

(B) before the purchaser obtains such notice or knowledge, he has acquired possession of such motor vehicle and has not thereafter relinquished possession of such motor vehicle to the seller or his agent.

(3) **Personal property purchased at retail.** With respect to tangible personal property purchased at retail, as against purchaser in the ordinary course of the seller's trade or business, unless at the time of such purchase such purchaser intends such purchase to (or knows such purchase will) hinder, evade, or defeat the collection of any tax under this title.

(4) **Personal property purchased in casual sale.** With respect to household goods, personal effects, or other tangible personal property described in section 6334(a) purchased (not for resale) in a casual sale for less than $250, as against the purchaser, but only if such purchaser does not have actual notice or knowledge (A) of the existence of such lien, or (B) that this sale is one of a series of sales.

The debtor, Sierer, asserts that he is entitled to avoid the United States' perfected tax lien as to the properties he owns which are listed in § 6323(b) of the Internal Revenue Code. Section 1107 of the Bankruptcy Code gives the debtor-in-possession the same rights as a trustee serving under a Chapter 11 case. Included in the powers given to a trustee in a Chapter 11 case is the power to avoid the fixing of a statutory lien under § 545(2) of the Bankruptcy Code. A federal tax lien is one such type of statutory lien, and thus the debtor-in-possession has the right to exercise a trustee's avoiding powers with respect to such liens.

While the defendant, United States of America, does not dispute the power of the debtor-in-possession to avoid statutory liens pursuant to § 545(2), it maintains that the liens on the properties enumerated in § 6323(b) IRC are not the types of statutory liens that the debtor-in-possession can avoid. The United States argues that although a trustee is given the status of a hypothetical bona fide purchaser, this status alone is insufficient to allow the avoidance of a federal tax lien.

Additionally, the United States asserts two policy reasons why a trustee should be prohibited from avoiding a federal tax lien. The first reason is that by allowing the trustee to avoid such tax liens, the purpose of the superpriority provision in § 6323(b), to encourage the free movement of the assets in the general commerce, is violated. The second policy reason given by the defendant is that other courts have held that certain state law liens cannot be avoided by a trustee. (For instance, a vendor's lien could not be avoided in *Matter of Tape City, U.S.A., Inc.*, 677 F.2d 401 (5th Cir. 1982)).

For the following reasons, we resolve this dispute in favor of the debtor, Seierer, and find that a debtor-in-possession

may avoid federal tax liens as to the properties identified in § 6323(b) of the Internal Revenue Code by virtue of his avoiding power in § 545(2) of the Bankruptcy Code.

The legislative history of § 545 of the Bankruptcy Code offers guidance as to how the section should be interpreted. One helpful portion of the legislative history is the Senate Report (Reform Act of 1978).

The Senate Report explains that under the old Bankruptcy Act, the trustee was viewed as a bona fide purchaser, and he had the power to avoid perfected tax liens under federal, state, or local law. (S Rep No. 989, 95th Cong, 2d Sess 85–86 (1978)), U.S.Code Cong. & Admin.News 1978, p. 5787. Specifically, the report mentions that the trustee could avoid liens under § 6323 of the Internal Revenue Code. *Id.*

The Senate proposed to add a new subsection (b) to § 545 which would have taken away the right of a trustee in bankruptcy to avoid such tax liens. Subsection (b), however, was excluded from the House version of § 545 and never became law. Thus, the intent was to preserve this avoidance power for the trustee. A trustee in bankruptcy, therefore, continues to have the power to avoid federal tax liens which attach to properties listed in § 6323(b) of the Internal Revenue Code.

The wording of the congressional report following § 545 is not as clear as the Senate's report, but the intent of the Congressional Record Statements (Reform Act of 1978) is clear. The intent of the Congressional Record Statements was to give the trustee power to avoid federal tax liens with respect to properties specified in § 6323(b) of the Internal Revenue Code.

The first paragraph of the congressional statement explicitly says that "a Federal tax lien is invalid under section 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code." (124 Cong Rec H11097 (daily ed. Sept. 28, 1978); S17413 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini). After reading this sentence, it appears as though Congress wished to preserve the avoidance power. Another sen-

tence in the first paragraph, however, states that the proposed § 545(b) is deleted as "unnecessary." *Id.* If the proposed § 545(b) were unnecessary, an implication arises that even without the new section, the trustee is unable to avoid a federal tax lien. A cursory reading of the first paragraph, therefore, does not leave a clear picture as to the real meaning of the congressional statement.

The second paragraph, however, clarifies Congress' intent. The paragraph states that the present law of being able to avoid tax liens was to be retained. (124 Cong Rec H11114 (daily ed. Sept. 28, 1978); S17431 (daily ed. Oct. 6, 1978); remarks of Rep. Edwards and Sen. DeConcini). Section 545(b) was deleted because Congress wished to preserve the power of the trustee to step into the shoes of a bona fide purchaser for the purpose of avoiding tax liens. *Id.* Thus, even though the language in the Congressional Record Statement is ambiguous, the intent is clear to have the trustee keep the avoidance power.

The Editor's Comment following § 545 is also helpful. The comment says that the ambiguous language in the Congressional Record Statement (section 545(b) is deleted as unnecessary) is misleading. *Norton Bankr Code Pamphlet* 1989–1990 Ed, 461. The real intent of Congress was to modify the proposed § 545. "The modification was in fact the deletion of § 545(b)." *Id.* The deletion of § 545(b), therefore, was actually the correction of the proposed § 545. Because of this deletion, the trustee retained, rather than lost, the power to avoid tax liens.

"When faced with various suggested interpretations of a statute, it is appropriate for a court to look to legislative history as a guide to its meaning." *Continental Can Co., Inc. v. Mellon*, 825 F.2d 308, 310 (11th Cir.1987). Indeed, this process was followed in the present case. Both the United States and Sierer have presented differing views as to whether a tax lien can be avoided under § 545(b) of the Bankruptcy Code. By examining the legislative history of § 545, we conclude that Congress meant

to preserve the trustee's power to avoid such liens.

While the United States asserts valid policy reasons for not allowing a trustee to avoid federal tax liens, we must adhere to the intent of the authors who drafted the statute. *See, Robzen's, Inc. v. United States, Dept. of Housing and Urban Development*, 515 F.Supp. 228, 237 (M.D.Pa. 1981). Clearly, Congress intended to give the trustee the power to avoid federal tax liens, and it is that stated intent which binds the decision of this court.

Moreover, we find it persuasive that *Collier*, the leading authority on bankruptcy, states without hesitation that a trustee in bankruptcy can avoid a federal tax lien,

> Because of the superpriority status, the trustee, under section 545(2), may step into the shoes of a hypothetical bona fide purchaser of these kinds of property and invalidate tax liens to the extent such liens encumber the kinds of personal property listed above notwithstanding the perfection of the lien prior to the filing of the petition.

4 *Collier on Bankruptcy*, ¶ 545.04, at 545–24 (15th ed. 1990). The "kinds of property" that *Collier* refers to are the ones listed in § 6323(b) of the Internal Revenue Code. *Id.* at 245–23. Hence, this court's view on the interrelation between sections 545(2) of the Bankruptcy Code and 6323(b) of the Internal Revenue Code finds further support with the leading bankruptcy authority.

Case law also discusses the relationship between § 545(2) of the Bankruptcy Code and § 6323(b) of the Internal Revenue Code. One case particularly on point is *Matter of Coan*, 72 B.R. 483 (Bkrtcy. M.D. Fla.1987). In *Coan*, Chapter 13 debtors sought to avoid an IRS lien pursuant to § 545(2) of the Bankruptcy Code.

The court in *Coan* held that even though the tax lien had been properly perfected, it could be invalidated by virtue of § 6323 of the Internal Revenue Code. *Id.* at 487. The court reasoned that the debtors could avoid the lien because they were given the status

of hypothetical bona fide purchasers. *Id.* Since the lien could not be perfected against a bona fide purchaser, "then the lien [was] avoidable *per se* with respect to such property, *eg.* § 6323(b) of the Internal Revenue Code." *Id.* at 486.

In the present case, the debtor is a debtor-in-possession in a Chapter 11 proceeding. A debtor-in-possession has the same rights as a trustee serving under a Chapter 11 case. 11 U.S.C. § 1107. A trustee in a bankruptcy proceeding is given the status of a hypothetical bona fide purchaser. *Coan* at 486. Thus, a debtor-in-possession also becomes a hypothetical bona fide purchaser.

As a hypothetical bona fide purchaser, the debtor-in-possession (Sierer) has the power to avoid liens on the properties enumerated in § 6323(b) of the Internal Revenue Code because these liens cannot be perfected against a bona fide purchaser. *See, Coan* at 486. We must consider, therefore, whether the types of personal properties Sierer owns are within the confines of § 6323(b) of the Internal Revenue Code.

The items of personal property that the debtor-in-possession says are encumbered by the tax lien are:

Automobiles
Insurance
Money Market Account
Household Goods
Stocks
IRA
Tools
Promissory Note
Cash.[1]

The money market account, stocks, IRA, promissory note, and cash all fall within § 6323(b)(1). Section 6323(b)(2) includes the automobiles, and the household goods and tools are within § 6323(b)(3). The only item which does not fall within the scope of § 6323(b) is the insurance. As to the insurance, therefore, the debtor-in-possession

1. These items are based on the hearing that was held on a Motion for Valuation. At the hearing, the value of all of the debtor's property at the time of the filing of the Chapter 11 petition was determined.

may not avoid the tax lien. As to all of the other properties, he may avoid the tax lien. Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment is granted and Defendant's Cross–Motion for Summary Judgment is denied.

DONE AND ORDERED.