**UNITED STATES of America, Plaintiff,**

**v.**

**Thomas A. SIERER, Defendant.**

No. GCA 90–10115–MMP.
Bankruptcy No. 88–00231.
Adv. No. 90–9008.

United States District Court,
N.D. Florida,
Gainesville Division.

Aug. 27, 1991.

See also 137 B.R. 523.

Lisa C. Cohen, Keystone Heights, Fla., Lisa C. Cohen, Roy & Cohen, Jacksonville, Fla., for defendant.

Kenneth W. Sukhia, U.S. Atty., Tallahassee, Fla., Carol Koehler Ide, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

## ORDER

PAUL, District Judge.

The Bankruptcy Court entered summary judgment in favor of Thomas Sierer: the United States appeals that decision. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a), and, as the issue presented is one purely of law, may properly engage in a *de novo* review. *In re New England Fish Co.*, 749 F.2d 1277, 1280 (9th Cir.1984).

The facts are relatively simple and not in dispute. Thomas Sierer (Appellee) filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Internal Revenue Service, on behalf of the United States (Appellant), filed a claim against Appellee for unpaid taxes, penalties, and interest, and properly filed Notices of Federal Tax Liens.

Appellee sought to avoid this tax lien by claiming an exemption for certain personal property under 11 U.S.C. § 545(2). On cross motions for summary judgment, the Bankruptcy Court held for Appellee. *United ed States of America v. Sierer*, 121 B.R. 884 (Bankr.N.D.Fla.1990).

The Bankruptcy Code allows the trustee to avoid federal statutory tax liens as follows:

> The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien ... is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases the property at the time of the commencement of the case, whether or not such a purchaser exists....

11 U.S.C. § 545(2). Pursuant to this section, "the Trustee is given the status of a hypothetical bona fide purchaser and he acquires that stature as of the date of the filing of the petition." *In re Coan*, 72 B.R. 483, 486 (Bankr.M.D.Fla.1987), *reversed on other grounds* No. 87–757–CIV–T–17 (M.D.Fla. March 26, 1991). The trustee is empowered to claim the same defenses to

statutory tax liens on the debtor's property as would a bona fide purchaser.

By the express terms of the Bankruptcy Code, a debtor-in-possession has virtually all of the rights and powers of a trustee. 11 U.S.C. § 1107(a). Hence, a debtor-in-possession enjoys—at least theoretically—exactly the same protections as would a bona fide purchaser at the time of the commencement of the case.

■ Some of the properties afforded protection if acquired by a bona fide purchaser are listed in 26 U.S.C. § 6323, and include securities, motor vehicles, and personal property. The Bankruptcy Court read this Section in conjunction with 11 U.S.C. § 545(2), and found that the debtor-in-possession, standing in the shoes of the trustee as hypothetical bona fide purchaser, should be entitled to claim as exempt from tax liens the items listed in 26 U.S.C. § 6323. It is this specific issue that is in dispute.[1]

"The legislative history of § 545 of the Bankruptcy Code offers guidance as to how the section should be interpreted." *United States of America v. Sierer*, 121 B.R. 884, 886 (Bankr.N.D.Fla.1990); *see also Continental Can Co. v. Mellon*, 825 F.2d 308, 310 (11th Cir.1987) ("When faced with various suggested interpretations of a statute, it is appropriate for a court to look to legislative history as a guide to its meaning.") (citations omitted). The House made the following observation regarding Section 545: "Thus, a Federal tax lien is invalid under sections [sic] 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code of 1954." 124 Cong.Rec. H11097 (daily ed. Sept. 28, 1978) (quoted in *In re Williams*, 109 B.R. 179, 181 (Bankr. W.D.N.C.1989)). This plain statement squarely supports the position of Appellee, and the decision of the Bankruptcy Court.

The House used the above language in rejecting a Senate amendment as "unnecessary," on the ground that the present state of the law allowed a trustee to avoid liens on the properties enumerated in Section 6323. *Id.* They thought the Senate amendment unnecessarily granted this power, when it already existed. The proposed Senate amendment, however, would have actually *limited* the powers of the trustee to claim this exemption, and was therefore in *direct conflict* with the above language. *Id.* Appellant argues that this discrepancy reflects a fundamental misunderstanding on behalf of the House, and renders the legislative history useless, and hopelessly contradictory. Brief for Appellant at 12–13. As the Bankruptcy Court's opinion points out, the Senate amendment was never adopted. *Sierer*, 121 B.R. at 886. So although the House may have misunderstood the Senate amendment, the above statement reflected a correct understanding of the state of the law.

Furthermore, the second paragraph of the same history makes it clear that the intent of Congress was to preserve these rights of lien avoidance in the trustee:

The House amendment retains the provision of section 545(2) of the House bill giving the trustee in a bankruptcy case the same power which a bona fide purchaser has to take over certain kinds of personal property despite the existence of a tax lien covering that property. The amendment thus retains present law, and deletes section 545(b) of the Senate amendment which would have no longer allowed the trustee to step into the shoes of a bona fide purchaser for this purpose.

124 Cong.Rec. H1114 (daily ed. Sept. 28, 1978). This language indicates with some clarity that Section 545(2) was meant to afford Section 6323(b) exemptions to the debtor-in-possession.

Courts have rejected the above legislative history as authority to allow a Chapter 13 debtor to claim Section 6323 exemptions via Section 545(2). In *In re Williams* the court declined to allow a Chapter 13 debtor Section 6323 exemptions, noting that the

---

1. The parties agreed on the following wording for the issue: "Whether the Bankruptcy Court properly determined that the provisions of Section 545(2) of the Bankruptcy Code allow the debtor-in-possession in a Chapter 11 proceeding to avoid Federal tax liens as to property enumerated in Section 6323(b)(1)–(3) of the Internal Revenue Code of 1986 (26 U.S.C.)."

above legislative history is "clouded ..., contradictory ... [and] uncertain[ ]...." 109 B.R. 179, 182 (Bankr.W.D.N.C.1989).

In *In re Coan,* a case relied upon by the Bankruptcy Court and Appellee, the court *allowed* a Chapter 13 debtor-in-possession to claim Section 6323(b) exemptions via Section 545(2). 72 B.R. 483, 486–87 (Bankr. M.D.Fla.1987). However, as pointed out in Appellee's Notice of Supplemental Authority, the United States District Court for the Middle District of Florida reversed the decision, and held that a Chapter 13 debtor was not to be granted such powers. *United States of America v. Coan,* No. 87–757–CIV–T–17 (M.D.Fla. March 26, 1991); *but see In re Hearing of Illinois, Inc.,* 110 B.R. 380, 383–84 (Bankr.C.D.Ill.1990) (allowing Chapter 7 debtor to claim Section 6323 exemption on the basis of the Bankruptcy Court's holding in *Coan); In re Ware,* 99 B.R. 103, 105 (Bankr.M.D.Fla.1989) (allowing a Chapter 13 debtor standing under the *Coan* holding).

■ These cases, however, deal with Chapter *13* debtors: Appellee has filed his petition under Chapter *11.* This distinction is quite important given the limited powers granted Chapter 13 debtors, in relation to the same for Chapter 11 debtors. Whereas Chapter 11 debtors are granted all powers and rights of a trustee, Chapter 13 debtors enjoy only those powers pertaining to the use, sale, and lease of property. *In re Perry,* 90 B.R. 565, 566 n. 1 (Bankr.S.D.Fla. 1988); *see also id.* at 567 ("The statute unambiguously gives all avoidance powers to bankruptcy trustees and to chapter 11 and 12 debtors, but *not* to chapter 13 debtors.") (emphasis in original).

With the foregoing as authority, this Court AFFIRMS the Bankruptcy Court's determination that Section 6323(b) exemptions are available to a Chapter 11 debtor-in-possession via Section 545(2).

■ The merits of the Section 6323(b) exemptions raise several additional issues. Appellant argues that the debtor-in-possession should not be granted exemptions under the various provisions on the basis that they do not have all the characteristics of a bona fide purchaser. But a debtor-in-pos-

session, by law, is given the same powers as a trustee, who, by law, is given the powers of a hypothetical bona fide purchaser. It is of no avail to attack the status of a debtor-in-possession as a bona fide purchaser.

■ But the various Subsections of Section 6323(b) each have additional requirements that must be met before an exemption will be allowed. For instance, in the case of securities, the bona fide purchaser must be without knowledge of the lien at the time of purchase. 26 U.S.C. § 6323(b)(1). With respect to motor vehicles, the purchaser must have actual possession of the vehicle before the lien arises. 26 U.S.C. § 6323(b)(2). For personal property, the sale must have been at retail with a purpose other than evasion of the lien. 26 U.S.C. § 6323(b)(3).

It is clear that Appellee satisfies all but one of these requirements. The government's claim was not filed until almost three months after Appellee filed his petition; thus, Appellee cannot be charged with knowledge of the liens at the time of the commencement of the case.

Appellant points out that a trustee is usually held not to be in possession of goods merely because a petition is filed. "While the Code grants the trustee certain avoiding powers as a hypothetical purchaser at the time of the commencement of the case, it does not grant the trustee hypothetical possession at the time of the commencement of the case." *In re Bates,* 81 B.R. 63, 64 (Bankr.Or.1987) (citations omitted). The mere creation of a bankruptcy estate does not transfer actual possession away from the debtor, and therefore, the trustee is not a bona fide purchaser *in possession. In re Misco Supply Co.,* 43 B.R. 651, 653 (Bankr.Kan.1984).

■ In this case, however, the debtor remains in possession. To base a holding on the above would be to ignore the fact that the debtor was in physical possession of the automobile before the lien was filed.

■ The appellee's case for claiming the personal property exemption is much weak-

er. The creation of a debtor estate is not considered a "retail sale." In fact, there was no sale in the ordinary course of business.

Based on the foregoing, the decision of the Bankruptcy Court is:

1) AFFIRMED inasmuch as it held Section 6323(b) exemptions available to the debtor-in-possession via Section 545(2) as a matter of law;

2) AFFIRMED inasmuch as its holding exempts Appellee's money market accounts, stocks, IRA, promissory note, cash, and automobiles from the statutory tax lien; and

3) REVERSED inasmuch as its holding exempts Appellee's household goods and tools from the statutory tax lien.

DONE AND ORDERED.