**In re Mark and Mary ROBINSON, Debtors.**

**Bankruptcy No. 93–10603.**

United States Bankruptcy Court, D. Vermont.

April 20, 1994.

M. Wieler, Harlow Liccardi & Crawford, P.C., Rutland, VT, for debtors.

C. Baril, Office of the U.S. Atty., Rutland, VT, for the I.R.S.

T. Collins, Vermont Dept. of Taxes, Montpelier, VT, for the Vermont Dept. of Taxes (Vermont).

**MEMORANDUM OF DECISION ON MOTION TO AVOID TAX LIENS UNDER 11 U.S.C. § 545(2)**

FRANCIS G. CONRAD, Bankruptcy Judge.

---

Debtors bring this motion [1] to avoid federal and state tax liens and raise issues regarding a Chapter 7 debtor's ability to avoid liens under 11 U.S.C. § 545(2).[2] We deny Debtors' motion and hold that a Chapter 7 debtor does not have standing to bring an action to avoid such liens under § 545(2) by way of §§ 522(f) or (h).

## FACTS

Mark and Mary Robinson are husband and wife. In 1987, 1988, and 1989, Mark Robinson failed to pay his federal income taxes. Nonpayment of the applicable federal income taxes gave rise to a federal tax lien, and on April 24, 1992, the IRS filed a lien on the real and personal property of Mark Robinson. See 26 U.S.C. § 6321. In 1989, Mary Robinson likewise failed to pay her federal income taxes and on January 3, 1992, the IRS filed a lien on her real and personal property.

Mark Robinson also failed to pay his Vermont state income taxes in 1987, 1988, and 1989. In September of 1991, Vermont filed a lien on his real and personal property. See 32 Vt.Stat.Ann. § 5895. All Vermont liens have been properly filed and recorded. See 32 Vt.Stat.Ann. § 5071. Debtors list the property, including their house cat, against which the liens have been filed in their Supplemental Memorandum in Support of Motion to Avoid Tax Liens, filed on March 30, 1994.

Debtors filed a voluntary petition for relief under Chapter 7 on September 9, 1993. Debtors' instant motion asserts a trustee's authority to employ § 545(2) by way of §§ 522(f) [3], (g), and (h). IRS and Vermont oppose.

thing that has been paid to it in the event that Leslie Fay determines not to complete the sale.

1. Our subject matter jurisdiction over this controversy arises under 28 U.S.C. § 1334(b) and the General Reference to the Court under Part V of the Local District Court Rules for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(K) and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under Fed.R.Civ.P. 52, as made applicable by Fed.R.Bkrtcy.R. 7052.

## DISCUSSION

*Avoidance Under § 545(2).*

A trustee's authority to avoid a federal tax lien against certain properties enumerated in 26 U.S.C. § 6323 [4] remains essentially unquestioned. Section 545(2) of the Bankruptcy Code provides that

[t]he trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, whether or not such purchaser exists. . . .

"As a hypothetical bona fide purchaser, the trustee has the power to avoid federal tax liens with respect to property specifically noted in 26 USC § 6323(b) because such liens cannot be perfected against a bona fide purchaser." *Cameron v. Orix Credit Alliance, Inc. (In re Larson)*, 1993 WL 367106, *6, 1993 Bkrtcy. LEXIS 1518, *16 (Bkrtcy. D.N.D.1993), *citing, Znider v. United States (In re Znider)*, 150 B.R. 239 (Bkrtcy.C.D.Cal. 1993); *In re Henderson*, 133 B.R. 813 (Bkrtcy.W.D.Tex.1991); and *Sierer v. United States (In re Sierer)*, 121 B.R. 884 (Bkrtcy. N.D.Fla.1990). Section 6323 provides for a number of "superpriorities," i.e., groups of persons granted protection in their dealings with the taxpayer even after the notice of tax lien has been filed. *Western Nat'l Bank v. United States*, 8 F.3d 253, 255 (5th Cir.1993).

With this superpriority status, a trustee may, under § 545(2), step into the shoes of a "hypothetical bona fide purchaser" and invalidate tax liens to the extent that the liens encumber the kinds of personal property listed in 26 U.S.C. § 6323, notwithstanding the

2. Unless otherwise indicated, all statutory references are to Title 11 of the United States Code (the "Code").

3. Debtors conceded in their Supplemental Memorandum of Law, filed April 4, 1994, that they had no right to avoid tax liens under § 522(f). Thus, we do not address this issue.

4. We do not recite this section because of its length.

perfection of the lien prior to the filing of the petition. *See* 4 L. King, *Collier on Bankruptcy,* ¶ 545.04 at 545–24 (15th ed. 1993). In *In re Driscoll,* 57 B.R. 322, 324 (Bkrtcy. W.D.Wis.1986), while denying a Chapter 13 debtor's request to avoid a federal tax lien, the Court reiterated this general rule:

> Section 545(2) allows the trustee to avoid the fixing of a statutory lien on property of the debtor under certain specified circumstances. The IRS lien in question [a federal tax lien] is a statutory lien within the meaning of § 545 and thus may be avoided by the trustee under § 545(2).

Despite the general rule enabling a trustee to avoid statutory liens, the case law has, under some circumstances, reached contrary conclusions. For example, one Court explained:

> [S]tatutory liens for which notice has been properly filed, as in this case, may not be avoided under § 545(2) because such liens are enforceable against bona fide purchasers on the date of the filing of the petition. Consequently, the trustee could not utilize section 545(2) in this case to avoid tax liens of the IRS. . . .

*Riley v. State of Wisconsin Dep't of Revenue (In re Riley),* 88 B.R. 906, 911 (Bkrtcy. W.D.Wis.1987). Further, the Sixth Circuit Court of Appeals has stated that "a trustee in bankruptcy may avoid liens that are not perfected as against a bona fide purchaser. . . . A federal tax lien is generally perfected against the claim of a purchaser by filing of a notice of a tax lien." *United States v. Darnell (In re Darnell),* 834 F.2d 1263, 1265, n. 5 (6th Cir.1987).

Finally, another Court has concluded that when a federal tax lien has been filed and a copy of the IRS's proof of claim is included in the trustee's file upon appointment, the trustee cannot take advantage of the protection of 26 U.S.C. § 6323:

> the trustee has not met the requirement of § 6323 that before the purchaser obtains such notice or knowledge, he has acquired possession; because hypothetical possession and notice occurred simultaneously, the trustee does not come within the exception of § 6323.

*United States v. Hunter (In re Walter),* 158 B.R. 984, 987 (N.D.Ohio 1993). The *Walter* rule, however, stifles a trustee's power to avoid any filed lien where a proof of claim is included in the trustee's case file. Congress could never have intended such a result.

In the face of such inconsistency in the Courts, the legislative history of § 545(2) offers some guidance as to how the section should be interpreted. The Senate Report at S. 989, 95th Cong.2d Sess. 85–86 (1978), reprinted in 1978 U.S.Code Cong. & Admin.News 5787, explains that under the old Bankruptcy Act, a trustee was viewed as a bona fide purchaser with the power to avoid perfected tax liens under federal, state, and local law. Specifically, the Senate Report affirmed a trustee's power to avoid liens under § 6323 of the Internal Revenue Code. See *In re Sierer, supra,* 121 B.R. at 886.

Although the Senate proposed to add to § 545(2) a new subsection (b) that would have removed the authority of a trustee in bankruptcy to avoid such liens, this subsection was excluded from the House version of § 545(2) and never became law. Thus, Congress intended to preserve the trustee's avoidance powers. *Id.*

*Avoidance by the Debtor in the Place of the Trustee.*

The Code grants avoidance powers to bankruptcy trustees and debtors in Chapters 11 and 12. Debtors in Chapters 11 and 12 have trustee authority under §§ 1107(a) and 1203, respectively. The Courts have not reached consistent results, however, regarding debtors' avoidance powers under Chapter 13. While some Courts have recognized a Chapter 13 debtor's avoidance powers, others have held that "[s]ection 1303 (rights and powers of [Chapter 13] debtor), by its own terms, does not provide a Chapter 13 debtor with any avoidance powers." *In re Henderson, supra,* 133 B.R. at 817. The issues confronting the Courts relating to the avoidance powers of the Chapter 7 debtor are similar to the issues in Chapter 13 cases. Chapter 7 does not contain a subsection through which a debtor is granted the avoidance powers of the trustee. Like Chapter 13 debtors, Chapter 7 debtors have argued that they possess the trustee's avoidance powers through various subsections of Chapter 5.

*Debtors' Avoidance Power Under § 522(h).*

Section 522(h) permits recovery by the debtor of property transferred under certain circumstances:

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—
>
> (1) such transfer is avoidable by the trustee under section 544, 545, `...`; and
>
> (2) the trustee does not attempt to avoid such transfer.

■ Although subsections (1) and (2) above are satisfied in the case before us, Debtors may only avoid a transfer "to the extent that the debtor could have exempted such property under subsection (g)(1)" of § 522. Subsection (g)(1) allows a debtor to exempt properties that the trustee recovers under §§ 510(c)(2), 542, 543, 550, 551, and 553 under certain circumstances. Section 545(2) is conspicuously absent from subsection (g)(1). Thus § 522(g)(1) does not allow a debtor to exempt properties recovered under § 545(2). Stated another way, a debtor is not empowered to use § 545(2) to avoid transfers. If a debtor attempts to use § 545(2) to avoid a transfer, the debtor has no standing. Lawrence King explains the interplay between these sections as follows:

> If the trustee could have avoided a transfer under section 544 (Trustee as lien creditor), section 545 (Statutory liens), section 547 (Preferences), section 548 (Fraudulent Transfers) or section 549 (Post-petition transactions), or pursuant to the trustee's powers to recover a setoff under section 553, and the trustee does not attempt to avoid the transfer or recover the setoff, the debtor may do so. *However, the debtor's right to avoid the transfer or recover the setoff is only to the extent that the debtor could have exempted the property if the trustee had avoided the transfer.*

3 L. King, *Collier on Bankruptcy* ¶ 522.30 at 522–112 (15th ed. 1993) (emphasis added.) [5] Under the specific language of § 545(2), only the trustee has standing to avoid a statutory lien, such as a federal or state tax lien.

Further, "[t]he powers granted in § 522(h) are, in turn, limited by § 522(c)(2)(B) if a tax lien is involved." *In re Henderson, supra,* 133 B.R. at 817, *citing, Perry v. United States (In re Perry),* 90 B.R. 565, 567 (Bkrtcy.S.D.Fla.1988); *In re Williams,* 109 B.R. 179, 180 (Bkrtcy.W.D.N.C.1989); *In re Driscoll, supra,* 57 B.R. at 326; and *In re Ridgley,* 81 B.R. 65, 68 (Bkrtcy.D.Or.1987). Section 522(c)(2)(B) provides

> [u]nless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—
>
> (2) a debt secured by a lien that is—
>
> (B) a tax lien, notice of which has been properly filed. . . .

In *Henderson, supra,* 133 B.R. at 817, the Court explained that "§ 522(c)(2)(B) bestows added protection on perfected tax liens and provides that exempt property remains liable for a tax lien, notice of which has been properly filed." Thus, even for exempt property, allowing a Chapter 7 debtor to invoke the trustee's avoidance power under § 545(2) would "circumvent the effects of § 522(c)(2)(B)." *In re Mattis,* 93 B.R. 68, 69 (Bkrtcy.E.D.Penn.1988) (referring to avoidance power of Chapter 13 debtor). In *Henderson,* a Chapter 13 case that attempted to employ § 522(h) to empower the debtor with avoidance powers under § 545(2), the Court recognized that the "action would have been successful but for the debtor's lack of standing." *In re Henderson, supra,* 133 B.R. at 817.

In recent cases the Courts have been more explicit regarding the limiting effect of § 522(c)(2)(B):

> The Debtors' avoiding powers *with respect to IRS tax liens* are limited by 11 USC § 522(c)(2)(B). . . . Therefore, even after discharge is entered, property claimed as exempt under § 522 remains available to satisfy any pre-petition debt secured by a valid tax lien, when notice of the lien has been properly filed. . . . Any other con-

---

**5.** Although Professor King does not explicitly state that the property must be capable of being exempted under § 522(g)(1), this is clear in the statute.

struction would render the plain language of § 522(c)(2)(B) meaningless.

*Quilland v. United States (In re Quilland),* 150 B.R. 291, 295–296 (Bkrtcy.D.R.I.1993) (citations omitted) (emphasis in original). And in *In re Swafford,* 160 B.R. 246, 248 (Bkrtcy.N.D.Ga.1993), the Court denied a Chapter 7 debtor's request to avoid a federal tax lien and reaffirmed this subsection's limiting effect. The Court stated that "§ 522(c)(2)(B) makes it clear that exempt property remains subject to properly filed tax liens." *See Koppersmith v. United States (In re Koppersmith),* 156 B.R. 537, 539–40 (Bkrtcy.S.D.Tex.1993); *In re Williams, supra,* 109 B.R. at 181–2; *In re Mattis, supra,* 93 B.R. at 69–70; and *Gerulis v. United States (In re Gerulis),* 56 B.R. 283, 288 (Bkrtcy.D.Minn.1985). Section 522(c)(2)(B) bestows added protection on perfected tax liens and provides that exempt property remains liable for a tax lien where notice has been properly filed. *In re Mattis, supra,* 93 B.R. at 69–70. We agree with those Courts that have concluded that a debtor's limited standing to avoid statutory liens under § 545(2) must be reconciled with the protection afforded perfected tax liens under § 522(c)(2)(B).

Under the statutory scheme of § 522, as well as the most recent case law addressing debtors' avoidance powers under that section, a Chapter 7 debtor may not use § 522(h) to avoid a transfer that a trustee might have avoided under 11 U.S.C. § 545(2). Accordingly, we find that Debtors lack standing to file this motion to avoid the IRS and Vermont tax liens.

## CONCLUSION

Despite the ability of a Chapter 7 trustee to avoid some tax liens under § 545(2), a Chapter 7 debtor does not enjoy the same avoidance power. Neither 11 U.S.C. § 522(h) nor § 522(f) grants to a debtor the power to avoid federal or state tax liens under 11 U.S.C. § 545(2).

Counsel for the Internal Revenue Service is to settle an order.