**Patricia R. NEWNHAM, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America; United States Treasury Department Internal Revenue Service; Roscoe L. Egger; George Hurst; Lila Hurst; Boris J. Baranowski; Beulah E. Conway; Hermes Financial Corporation; Virtue & Scheck, Inc.; Title Insurance & Trust Company, Defendants-Appellees.**

No. 86–6039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 4, 1987.

Decided April 1, 1987.

Charles Hansen, Berkeley, Cal., for plaintiff-appellant.

Elaine Ferris, Washington, D.C., for defendants-appellees.

Before KENNEDY, SKOPIL, and KOZINSKI, Circuit Judges.

KENNEDY, Circuit Judge:

Patricia Newnham purchased a home by contract of sale, and when the seller defaulted, she was forced to litigate not only with him but also with the Internal Revenue Service, which claimed the seller's default gave priority to its lien against the seller for unpaid taxes. The government so insisted not because its lien was first recorded, but on the theory that the seller's default stripped Newnham of a present interest in the property when the lien was recorded. The district court accepted the government's argument and dismissed Newnham's suit to enjoin enforcement of

the lien. On this appeal by Newnham, we reverse, for her interest is protected by the plain language of the relevant Internal Revenue statutes. We also award Newnham her attorney's fees by reason of the government's unreasonable, yet astonishingly persistent, contentions in this litigation.

Newnham and the sellers made the written contract to purchase the real estate in 1976. The sellers repudiated the contract before the close of escrow, and Newnham sued for specific performance on January 31, 1977. On that date she also filed a notice of pendency of action (lis pendens), pursuant to California Code of Civil Procedure section 409.

In March 1978 and July 1980, after Newnham's lis pendens notice, the IRS recorded tax liens for taxes owed by the sellers. In May 1983, the IRS caused a levy to issue and issued a notice of seizure against the property. Newnham, meanwhile, had pursued her case against the sellers to California's appellate courts, and on June 10, 1983, Newnham and the sellers entered into a court-approved settlement, with a stipulated decree of specific performance.

Undeterred, the government insisted on its lien, and Newnham filed the instant suit, under authority of 26 U.S.C. § 7426, to effect release of the property and to enjoin the government from holding a tax sale. In the district court, as here, there has been much talk of whether the seller's interest was a vested interest subject to divestment, the doctrine of relation back, equitable conversion, and the like, all to determine whether the government's later recorded interest became prior by reason of the seller's default. All this is irrelevant, however, in face of the clear language of the statute, and it was error for the district court to rule for the government and to dismiss the case.

26 U.S.C. § 6323 governs the priority between a federal tax lien and other interests in the property to which the tax lien attaches. The interest of a purchaser of property, as defined in section 6323(h)(6), is superior to the tax lien if the purchaser's interest is acquired before the government has filed notice of the tax lien. 26 U.S.C. § 6323(a); Treas.Reg. § 301.6323(a)(1); *see United States v. Gilbert Associates, Inc.,* 345 U.S. 361, 363–64, 73 S.Ct. 701, 703–04, 97 L.Ed. 1071 (1953) (noting that purpose of statute is to prevent priority of secret tax liens).

■ In order to qualify as a "purchaser" entitled to priority over a subsequently filed tax lien, a person must, "for adequate and full consideration in money or money's worth, acquire[ ] an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). The statute specifically covers executory contracts such as the one Newnham signed. It states: "[A] written executory contract to purchase or lease property ... which is not a lien or security interest shall be treated as property." 26 U.S.C. § 6323(h)(6)(B).

Newnham was a purchaser and fits squarely under this definition. She had an interest in the property by virtue of her written executory contract to purchase it. The consideration paid by Newnham met the statutory requirements because the term "adequate and full consideration" encompasses a situation in which the purchaser has not completed performance of her obligation. Treas.Reg. § 301.6323(h)–1(f)(3). A cash deposit and obligation to pay all remaining sums in cash constitute "money or money's worth." *Id.*

The government does not argue that Newnham's interest was invalid under local law against a subsequent purchaser without notice; the recordation of the lis pendens before the government's levy was sufficient to ensure this protection. *Lee v. Silva,* 197 Cal. 364, 373, 240 P. 1015, 1018 (1925). Newnham acquired her status as a purchaser under 26 U.S.C. § 6323(h)(6) before the government filed its tax lien, and she was entitled to priority over the tax lien by virtue of 26 U.S.C. § 6323(a).

We cannot accept the government's contention that the seller's repudiation of the executory contract deprived Newnham of her status as a purchaser. Section 6323

specifically states that Newnham's interest under her written executory contract qualified as a purchaser's interest, provided that the other statutory conditions were met. The statute does not mention the possibility that a qualifying interest in property created by a written executory contract to purchase may be converted into a nonqualifying lien or security interest by virtue of the seller's unilateral repudiation of the contract. The government's argument has no statutory basis; and it is equally failing in logic, for an executory contract does not become less so by one party's default. It makes no sense for the government to claim a windfall against the nondefaulting purchaser simply because a delinquent taxpayer renounces a contractual obligation.

The alternative status proposed by the government for Newnham, that of a judgment lien creditor whose interest in the property was perfected when specific performance was decreed, is inconsistent with the statutory framework, and serves to confirm our view of Newnham's status as a purchaser. Newnham's interest in the property was not that of a lien creditor. From start to finish, her interest in the property was based on the agreement for the purchase and sale of the specific parcel of land. The interest did not arise from an attempt to collect a debt by executing against property which secured it, or to enforce a court judgment by levying against the property of the judgment debtor. In these latter situations, the identity of the specific property is unimportant, for the interest in the property arises only because a money judgment must be satisfied. By contrast, the remedy of specific performance is available to purchasers of land precisely because land is considered so unique that a money judgment does not suffice for a remedy. *See, e.g.,* Cal.Civ. Code § 3387 (West 1970 & Supp.1987). The government's suggestion that Newnham should be treated the same as a creditor in these other categories, in spite of the obvious difference in the nature of the interest in the specific property, cannot be accepted. The seller's repudiation of the agreement did not, for the purposes of section 6323, alter the interest in property

that Newnham had acquired by virtue of the written executory contract.

Our decision is consistent with *Rodriguez v. Escambron Development Corp.,* 740 F.2d 92 (1st Cir.1984). In that case, the court held that an interest acquired by adverse possession was subordinate to a federal tax lien filed before the adverse possession interest matured into ownership. The basis for decision was that federal law governs the priority of tax liens against other interests, so that no weight could be given to a local law doctrine that the adverse possessory interest related back to the original occupation. *Id.* at 97. In this case, we apply federal law, specifically 26 U.S.C. § 6323, and it gives the answer. It states that a written executory contract to purchase property gives rise to a purchaser's interest in property so long as other conditions are met. The relation back problem does not arise because Newnham's interest arose with the contract, which was signed and made a matter of record before the tax liens were filed.

■ We turn to Newnham's request for litigation costs and attorney's fees. Under 26 U.S.C. § 7430, the prevailing party in a lawsuit brought in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded a judgment for reasonable litigation costs in the proceeding. This action was commenced by authority of the Revenue Code, 26 U.S.C. § 7426, and both parties agree that section 7430 is the provision under which Newnham must bring her request for litigation costs, though they disagree on whether its conditions are met. Under this provision, a prevailing party must not be a creditor of the taxpayer involved, must establish that the position of the United States was unreasonable, and must substantially prevail with respect to either the amount in controversy or the most significant issue or issues presented. 26 U.S.C. § 7430(c)(2).

As the owner of the property, Newnham is not a creditor of the taxpayer, and the government's argument to the contrary merely restates its main argument on the merits. Having previously explained our

rejection of this point, we need not revisit it here, except to note that Newnham becomes the prevailing party, and so satisfies the third requirement of the statute.

We conclude further that the government's position throughout this litigation has been unreasonable. Though faced with express statutory language contrary to its position, the government nevertheless attempts to call Newnham's interest something it is not. Alchemy will not suffice for legal argument. It is disconcerting that the standards of excellence attributed to the government in the collection of its revenue were so abandoned in this case. We hold that Newnham has satisfied all of the preconditions for recovery of costs and attorney's fees.

The decision of the district court is reversed. Counsel for Newnham shall file a statement of the fees she incurred in prosecuting this action, and those fees, plus costs, will be awarded by a further order of the court.

REVERSED.

KOZINSKI, Circuit Judge, concurring.

I join Judge Kennedy's lucid opinion. I write separately to express my personal disappointment with the government lawyers who pursued this matter on behalf of the United States. Appellant here is not the taxpayer; whatever tax problems the property's former owners had were not of her making. Nevertheless, the government sought to discharge the prior owners' tax liability by seizing the home Newnham had once fought and paid for. She has now been dragged through the courts for a second time to secure what is hers.

There are times when statutes, particularly those involving the collection of revenue, can work serious hardships. No one can blame government lawyers for pressing their client's rights under such circumstances. It is a wholly different matter, however, for government lawyers to ignore or bend the words of Congress in pursuit of an unconscionable result. To inflict the expense and uncertainty of litigation on citizens on such a tenuous basis is conduct unbecoming public servants and officers of

the court. I can only hope that this matter will be brought to the personal attention of the Assistant Attorney General for the Tax Division, the United States Attorney for the Central District of California and the Chief Counsel of the Internal Revenue Service so that they may each take appropriate steps to avoid such overzealousness by their subordinates in the future.