**John D. BERMENSOLO, and Claude J. Bermensolo, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

No. 88–3740.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1989.

Decided Aug. 17, 1989.

Deborah Swann, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellant.

Jay R. Friedly, Mountain Home, Idaho, for plaintiffs-appellees.

Before SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

The United States appeals the district court's grant of summary judgment awarding John D. and Claude J. Bermensolo attorney's fees under 26 U.S.C. § 7430 after determining that the government had wrongfully levied against a debtor's bank account in which the Bermensolos held a prior perfected security interest. The government argues that the Bermensolos were not "prevailing parties" within the

statutory definition because they were creditors of the taxpayer. We agree and reverse the decision below. FACTS

In 1981 the Bermensolos sold their business, a "Discount Drug" store in Mountain Home, Idaho to Doug and Jolene Misner, retaining an after-acquired security interest in the store's stock-in-trade. In 1983 the Misners assigned the contract to Emil and Rayanne Stoecker, who agreed to pay the balance of the purchase price.

The Stoeckers thereafter encountered financial difficulties. They incurred federal tax liability and failed to make their payments to the Bermensolos. On January 21, 1985 the IRS filed a notice of federal tax lien against the Stoeckers, and on May 15, 1985 the Bermensolos commenced foreclosure proceedings under their security interest. The stock-in-trade was liquidated for $12,542.50 and deposited in a joint bank account. Any withdrawal required a signature of one of the Stoeckers and one of the Bermensolos.

On July 3, 1985 the IRS levied upon the account and seized the balance of $12,-542.50. The Bermensolos filed a wrongful levy action against the IRS under 26 U.S.C. § 7426(a),[1] claiming that they had priority in the proceeds of the stock-in-trade as holders of a prior perfected purchase-money security interest. The district court agreed and entered a judgment against the United States for $15,658.47, the principal sum plus $3115.97 in interest. The district court further ordered the Bermensolos to submit a petition for attorney's fees.

The Bermensolos filed a petition for $5700 in attorney's fees. The district court awarded the full sum under 26 U.S.C. § 7430 after finding that the Bermensolos "clearly prevailed" in their wrongful levy action. The government appeals this conclusion based on the statutory definition of "prevailing party," which exempts creditors of the taxpayer.

DISCUSSION

When the Bermensolos initiated their action 26 U.S.C. § 7430 provided, in pertinent part:

(a) In General.—In the case of any civil proceeding which is—

(1) brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, and

(2) brought in a court of the United States (including the Tax Court and the United States Claims Court),

the prevailing party may be awarded a judgment (payable in the case of the Tax Court in the same manner as such an award by a district court) for reasonable litigation costs incurred in such proceeding.

. . . . .

(c) Definitions.—For purposes of this section—

. . . . .

(2) Prevailing party.—

(A) In general.—The term "prevailing party" means any party to any proceeding described in subsection (a) (other than the United States or any creditor of the taxpayer involved) which

(i) establishes that the position of the United States in the civil proceeding was not substantially justified,

(ii)(I) has substantially prevailed with respect to the amount in controversy. . . .

Although this section has been revised, the substance of the quoted language is unchanged. The government claims that the Bermensolos cannot be considered prevailing parties because under subsection (c)(2)(A) they are specifically excluded as "creditors of the taxpayer." The Bermensolos argue that they brought suit as owners of the funds seized and not as creditors of the Stoeckers. They rely on a single

---

1. Section 7426(a) provides that if a levy has been made on property "any person (other than the persons against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

case, *Newnham v. United States,* 813 F.2d 1384 (9th Cir.1987).

In *Newnham* the plaintiff purchased a home under a contract and the seller defaulted before the close of escrow. Newnham sued for specific performance. Before the case was resolved the IRS recorded a tax lien against the seller and issued a notice of seizure against the property. Newnham was thus forced to litigate against the government as well as the seller for her house, and she eventually won both suits.

She then filed for litigation costs and fees under § 7430, and the government responded that as a judgment creditor of the taxpayer Newnham could not be considered a prevailing party. This claim was disposed of on the basis that Newnham had an interest in the property by virtue of the written executory contract:

> "Newnham's interest in the property was not that of a lien creditor. From start to finish, her interest in the property was based on the agreement for the purchase and sale of the specific parcel of land. *The interest did not arise from an attempt to collect a debt by executing against property which secured it....*"

*Id.* at 1386 (emphasis added).

Although the Bermensolos have attempted to find support in this case for their position, the emphasized language helps the government. The Bermensolos were secured creditors of the Stoeckers, and their interest in the bank account arose from their attempt to collect the debt that was owed them by executing against the property that secured the debt. They prevailed in the wrongful levy action by virtue of their security interest in the proceeds of the sale of the encumbered property, the stock-in-trade of the drug store. The holder of a security interest is, by definition, a creditor. *See* U.C.C. § 1–201(12). Title to the goods sold passed to the buyers at the time of contracting, *see id.* § 2–401, and the Bermensolos retained a security interest, as creditors of the buyers, to secure payment of the sales price.

As creditors of the taxpayer, the Bermensolos are statutorily precluded from asserting status as prevailing parties for the purpose of seeking attorney's fees. Moreover, the legislative history of section 7430 confirms that "creditors of a taxpayer in interpleaders, wrongful levy actions, and lien priority cases" may not be awarded attorney's fees. H.R.Rep. No. 97–404, 97th Cong., 1st Sess. 12.

The district court erred in concluding that the Bermensolos were entitled to attorney's fees as prevailing parties.

REVERSED.