967 F.2d 596
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlene Anne WASHINGTON; Eric A. Munson, Plaintiffs-Appellants,
v.
Terry KOENING, individually and other currently unknown
persons; United States of America; Ira A.C.
Peets, individually, Defendants-Appellees.
 No. 91-15224.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred March 12, 1992.
Submitted June 12, 1992.
Decided June 23, 1992.
 
 Before REINHARDT, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Plaintiffs-appellants Charlene Washington and Eric Munson appeal the district court's orders granting partial summary judgment for the government and dismissing their action. We affirm.
 
 FACTS AND PROCEEDINGS
 
 3
 In April of 1990, Internal Revenue Service ("IRS") Officers Ira Peets and Theresa Koenig ("officers") seized a Cadillac registered in Washington's name from the driveway of her residence. The Cadillac was seized to satisfy a tax lien. Washington submitted documents showing that Munson, her son, had a prior lien on the vehicle as collateral for a $6,000 loan. On May 14, 1990, Washington and Munson filed a complaint against the government and the officers in their individual capacities, alleging violations of their constitutional and statutory rights.
 
 
 4
 On September 21, 1990, before filing an answer, the government filed a motion for summary judgment. The district court granted the motion, rejecting the plaintiffs' claims that the seizure of the Cadillac violated either the fourth amendment or 26 U.S.C. §§ 6331(f) and 7433.[1] The court refused to consider the claims against the individual officers because it found they had not been properly served with process. The court also denied the plaintiffs' request for default judgments against the government and the officers. Thereafter, the government returned the Cadillac to Washington and the district court dismissed the action as moot. This timely appeal followed.
 
 DISCUSSION
 A. Summary Judgment for the Government
 
 5
 We review a grant of summary judgment de novo. Maisano v. Welcher, 940 F.2d 499, 500 (9th Cir.1991), cert. denied sub nom Maisano v. I.R.S., 112 S.Ct. 1957 (1992). "Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Id. (citations omitted); Fed.R.Civ.P. 56(c).
 
 
 6
 Washington argues the seizure of the Cadillac from her driveway without a warrant violated her fourth amendment rights. We reject this argument. Without evidence of special features of the driveway (i.e. barriers, lack of visibility from the street) or activities performed upon it to support a reasonable expectation of privacy, a warrantless seizure of an automobile from a taxpayer's driveway pursuant to a tax levy does not violate the fourth amendment. Maisano, 940 F.2d at 502-03.
 
 
 7
 The plaintiffs contend Munson's prior lien on the Cadillac exceeded its value and made the levy "uneconomical" under 26 U.S.C. § 6331(f).[2] They assert the word "property" in section 6331(f) means the taxpayer's net equity in the property. We disagree. Section 6331 authorizes the government to levy upon "all property and rights to property" belonging to a delinquent taxpayer. 26 U.S.C. § 6331(a). Holding that "property" extends only to the taxpayer's net equity would require the government to determine the rights of third-party claimants before making a levy. There is no such requirement. See United States v. National Bank of Commerce, 472 U.S. 713, 721, 729 (1985); United States v. Badger, 930 F.2d 754, 757 (9th Cir.1991); United States v. Bell Credit Union, 860 F.2d 365, 368 (10th Cir.1988). "[Section] 6331 is a provisional remedy, which does not determine the rights of third parties until after the levy is made, in postseizure administrative or judicial hearings." National Bank of Commerce, 472 U.S. at 731 (emphasis in original).
 
 
 8
 The plaintiffs also contend the alleged violation of section 6331(f) constituted a further violation of 26 U.S.C. § 7433.[3] We reject this argument. There was no violation of section 6331(f).
 
 B. Dismissal of Claims Against Officers
 
 9
 Where damages are sought from a federal official in his individual capacity, personal service, and not service at the official's place of employment is required to obtain personal jurisdiction. Daley-Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987).
 
 
 10
 Here, it is undisputed that the process for service on the officers was delivered to Peter Chin, District Chief of Special Procedures with the IRS Collection Division. The plaintiffs contend they established a prima facie showing of jurisdiction over the officers by service upon Chief Chin, because the declarations of the plaintiffs' counsel show a policy of the IRS to accept service on behalf of its employees. We reject this argument. Chief Chin was neither appointed by the officers nor authorized by law to accept personal service for them in their individual capacities. See Fed.R.Civ.P. 4(d)(1).
 
 
 11
 The plaintiffs further argue the officers waived any defect in personal jurisdiction by their participation in the case, which the plaintiffs contend constituted a general appearance. We disagree. The officers only provided written testimony for the government in their official capacities. Participation in a case as a witness for another party does not constitute an appearance in the action. Schuckman v. Rubenstein, 164 F.2d 952, 956 (6th Cir.1947), cert. denied, 333 U.S. 875 (1948).
 
 C. Denial of Request for Default Judgments
 
 12
 The plaintiffs contend the court erred by refusing to enter default judgments against the officers and the government. Because the court lacked personal jurisdiction over the officers, the request for a default judgment against them was properly denied. See Pacific Atl. Trading Co. v. M/V Main Express, 758 F.2d 1325 (9th Cir.1985).
 
 
 13
 As to the government, the plaintiffs failed to establish their claims against the government and thus they were not entitled to a judgment by default. Fed.R.Civ.P. 55(e) ("No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court."); cf. Giampaoli v. Califano, 628 F.2d 1190 (9th Cir.1980) (if a claimant presents a prima facie case, Rule 55(e) does not apply).
 
 
 14
 D. Dismissal of Claims for Injunctive Relief
 
 
 15
 The court dismissed the plaintiffs' claims for injunctive relief as moot because the Cadillac was returned to Washington. "We review de novo a determination of mootness." EEOC v. Hacienda Hotal, 881 F.2d 1504, 1519 (9th Cir.1989). The central issue in all mootness questions is whether changes in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief. Goodwin v. United States, 935 F.2d 1061, 1064 (9th Cir.1991).
 
 
 16
 The plaintiffs contend the return of the Cadillac did not moot their claims for injunctive relief.[4] We disagree. The return of the vehicle rendered meaningless all requests relating to the Cadillac's return or sale. Munson's claim under 26 U.S.C. § 7426[5] was rendered moot because relief is limited by statute to either an injunction or recovery of the property. See 26 U.S.C. § 7426(b).
 
 
 17
 The plaintiffs contend the return of the Cadillac did not moot their quiet title actions under 28 U.S.C. § 2410.[6] While not technically moot, the district court correctly dismissed these claims. A taxpayer may use section 2410 to challenge the procedural validity of a tax lien, but not to collaterally attack the merits of a tax assessment. Hughes v. United States, 953 F.2d 531, 538 (9th Cir.1992). Because Washington's procedural challenge was based upon fourth amendment and statutory claims that are without merit, her quiet title action must fail. See Elias v. Connett, 908 F.2d 521, 527-28 (9th Cir.1990) (meritless allegation of section 6303(a) violation failed to support section 2410 claim). Munson's quiet title action is barred because his exclusive remedy is a claim for a wrongful levy under section 7426. Winebrenner v. United States, 924 F.2d 851, 855 (9th Cir.1991).[7]
 
 E. Litigation Fees and Sanctions
 
 18
 The district court denied the plaintiffs' request for an award of attorney fees and costs. The plaintiffs contend they were entitled to such an award because they were prevailing parties.[8]
 
 
 19
 To qualify as a prevailing party under section 7430, a party must substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented. 26 U.S.C. § 7430(c)(4)(A)(ii).[9] The most significant issues presented in this action pertained to the plaintiffs' fourth amendment and uneconomical levy claims. Because the plaintiffs failed to prevail on these claims, the district court did not err in finding they were not prevailing parties.[10]
 
 
 20
 The plaintiffs further contend the district court erred by not imposing sanctions against the government under Fed.R.Civ.P. 11. Because the plaintiffs failed to raise this issue at the district court, we decline to address it on appeal. Brown v. Civil Service Comm'n, 818 F.2d 706, 710 (9th Cir.1987).[11]
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government's motion for summary judgment was denied with respect to the plaintiffs' remaining claims because the government did not discuss those claims in its memorandum in support of the motion
 
 
 [2]
 Section 6331(f) provides:
 (f) Uneconomical levy.--No levy may be made on any property if the amount of the expenses which the Secretary estimates (at the time of levy) would be incurred by the Secretary with respect to the levy and sale of such property exceeds the fair market value of such property at the time of levy.
 26 U.S.C. § 6331(f).
 
 
 [3]
 Section 7433 provides, in relevant part:
 (a) If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy providing for recovering damages resulting from such actions.
 26 U.S.C. § 7433(a).
 
 
 [4]
 The plaintiffs also sought injunctive relief against future fourth amendment violations and reappearances at the residence by the government. Such relief is precluded by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which prohibits suits restraining the assessment or collection of any tax. They further requested the court suppress any evidence obtained by the IRS officers' activities. This is inappropriate where the basis pursued on appeal, seizure of a car from an unobstructed driveway, is not a violation of plaintiffs' constitutional rights
 
 
 [5]
 Section 7426 provides, in relevant part:
 (a) Actions permitted.--
 (1) Wrongful levy.--If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.
 26 U.S.C. § 7426(a)(1).
 
 
 [6]
 Section 2410 provides, in relevant part:
 [T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
 (1) to quiet title to, ... real or personal property on which the United States has or claims a mortgage or other lien.
 28 U.S.C. § 2410(a).
 
 
 [7]
 Thus, Munson's claims for damages against the individual officers and the government are also barred. See Winebrenner, 924 F.2d at 855. Section 7426(d) provides:
 (d) Limitation on rights of action.--No action may be maintained against any officer or employee of the United States (or former officer or employer) or his personal representative with respect to any acts for which an action could be maintained under this section.
 26 U.S.C. § 7426(d).
 
 
 [8]
 The plaintiffs' assert they were prevailing parties because they caused the court to order the return of the car without conditions. Brief at 48; ER at 194. However, the record shows the IRS voluntarily returned the car because, over the time of the suit, the costs of storage and sale were anticipated to equal or exceed the proceeds of sale. ER at 196
 
 
 [9]
 In addition, a prevailing party under section 7430 cannot be a creditor of the taxpayer involved. 26 U.S.C. § 7430(c)(4)(A). Thus, only Washington may assert status as a prevailing party. Plaintiff-lienholder Munson is, by definition, a creditor. See U.C.C. § 1-201(12). He is, therefore, precluded from an award under section 7430. See Bermensolo v. United States, 883 F.2d 58, 60 (9th Cir.1989) (holder of a security interest is exempt from section 7430 award)
 
 
 [10]
 Section 7430 further requires that a prevailing party must: (1) establish that the position of the government in the proceeding was not substantially justified, 26 U.S.C. §§ 7430(c)(4)(A)(i), and, (2) have exhausted the administrative remedies available to the party within the IRS. Id. § 7430(b)(1). Because we affirm the district court on the ground that the plaintiffs were not prevailing parties, we do not reach the issues of substantial justification and exhaustion
 
 
 [11]
 There are exceptions to the rule that a court of appeals will not consider issues which were not raised in the district court. These include: (1) a new theory or issue arises because of a change in the law while the appeal was pending; (2) the issue is only one of law not relying on any factual record; or (3) plain error occurred and an injustice might otherwise result if the court of appeals does not consider the issue. Brown, 818 F.2d at 710. None of the exceptions applies here