**In re John F. ZNIDER, aka J. Fred Znider and Janet Znider, Debtors.**

**John F. ZNIDER, aka J. Fred Znider and Janet Znider, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. SA 90–07941JW. Adv. No. SA 90–1038JW.**

United States Bankruptcy Court, C.D. California.

Feb. 1, 1993.

A. Lavar Taylor, Burd & Marshack, Santa Ana, CA, for plaintiffs/debtors, John F. Znider aka J. Fred Znider and Janet Znider.

Terree A. Bowers, U.S. Atty., Mason C. Lewis, Asst. U.S. Atty., Chief, Tax Div., Edward Robbins, Jr., Asst. U.S. Atty., Los Angeles, CA, for defendant, U.S.

## MEMORANDUM OF DECISION

JOHN J. WILSON, Bankruptcy Judge.

John F. Znider and Janet Znider ("Debtors") claim that 11 U.S.C. § 545(2) of the Bankruptcy Code ("Code") permits a debtor-in-possession, as a hypothetical bona fide purchaser in a Chapter 11 proceeding, to avoid federal tax liens as to property enumerated in 26 U.S.C. §§ 6323(b)(1) and (b)(2) of the Internal Revenue Code ("IRC").

## I. STATEMENT OF FACTS

The Debtors filed a petition under Chapter 11 of the Code on November 7, 1990. On March 14, 1991 the Internal Revenue Service ("IRS") filed a proof of claim in the amount of $232,202.08 for unpaid income tax liabilities pursuant to 26 U.S.C. § 6321. On December 12, 1990, the Debtors filed an adversary complaint against the United States of America ("Defendant"). The Debtors' adversary complaint alleged one cause of action against the Defendants under Code § 545(2). The Debtors contend that they may, pursuant to Code § 545(2) and IRC § 6323(b), avoid a federal tax lien on their property to the extent a hypothetical bona fide purchaser could acquire such property on the date of the petition free and clear of any tax liens. The facts are not disputed.

Prior to the filing of the bankruptcy petition, the IRS made income tax assessments against the Debtors for taxable years ending 1979, 1981, 1982 and 1983. On October 18, 1989 the IRS filed a Notice of Federal Tax Lien ("NFTL") to secure the tax assessments for taxable years ending 1979, 1981, and 1982. No NFTL was ever filed to secure the tax assessment for taxable year ending 1983. The tax assessment for 1979 was paid in full prior to the filing of the bankruptcy petition.

With respect to the tax lien securing the 1983 tax assessment, the Debtors seek to avoid this lien as against all of their real and personal property. As to the tax liens securing the 1981 and 1982 assessments, the Debtors seek to avoid these liens as against the following property: (1) money, including money on hand and money in banks and retirement accounts; (2) corporate stock, including stock in J. Fred Znider, M.D., Inc., Bank of Orange County and Bank of Westminster; and (3) a 1986 Jeep Station Wagon. On March 14, 1991 the Debtors filed their motion for summary judgment. At the October 16, 1992 hearing on the motion this matter was submitted to determine whether Code § 545(2) allows a debtor-in-possession, as a hypothetical bona fide purchaser, in a Chapter 11 proceeding to avoid federal tax liens as

to property enumerated in 26 U.S.C. §§ 6323(b)(1) and (b)(2).

## II. DISCUSSION

A. Whether a debtor-in-possession may utilize Code § 545(2) to avoid federal tax liens filed against property enumerated in IRC §§ 6323(b)(1) and (b)(2)?

█ The Code gives a debtor-in-possession nearly all the rights, powers and duties of a bankruptcy trustee. 11 U.S.C. § 1107(a) (1988). Included in the powers given to a trustee in a Chapter 11 proceeding is the right to avoid the fixing of a statutory lien on the Debtors' property if such a lien "is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property at the time of the commencement of the case, *whether or not such a purchaser exists.*" 11 U.S.C. § 545(2) (emphasis added). A federal tax lien filed under IRC § 6321 is a statutory lien subject to avoidance.

The IRS contends that Code § 545(2) does not allow the Debtors to avoid federal tax liens as to property enumerated in IRC § 6323(b). In support, the IRS cites case law which has dealt with this exact issue as it applies to Chapter 13 debtors. The Debtors in this case, however, filed their petition under Chapter 11 of the Code. This distinction is quite important given the limited powers granted to Chapter 13 debtors as opposed to the expansive powers granted to a Chapter 11 debtor.

Numerous courts have held that unlike a Chapter 11 debtor who is given "all the rights ... and powers ... of a trustee", 11 U.S.C. § 1107(a) (1988), Chapter 13 grants the debtor only "the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f) and 363(1)", which pertains to the use, sale or lease of property. 11 U.S.C. § 1303 (1988); *See e.g., In re Williams,* 109 B.R. 179, 182 (Bankr.W.D.N.C.1989); *In re Perry,* 90 B.R. 565, 566 (Bankr.S.D.Fla. 1988). Thus, Chapter 13 cases cited for or against the proposition that a Chapter 11 debtor-in-possession may not utilize a trustee's avoiding powers are inapplicable to this case.

Additionally, the IRS claims that the applicability of Code § 545(2) to the property enumerated in IRC § 6323(b) is tenuous at best given the contradictory legislative history of Code § 545(2). The House of Representatives made the following observation regarding Code § 545: "[A] Federal tax lien is invalid under sections (sic) 545(2) with respect to property specified in sections 6323(b) and (c) of the Internal Revenue Code of 1954. 124 Cong.Rec. H11097 (daily ed. Sept. 28, 1978). This statement was used as support to reject a proposed Code § 545(b) Senate amendment as "unnecessary" on the ground that the present state of the law allowed a trustee to avoid liens on the properties enumerated in IRC § 6323. *Id.* The House thought that the Senate amendment "unnecessarily" granted this power since the power already existed. The proposed Senate amendment, however, would have actually limited the powers of the trustee to claim this exemption, and was therefore in conflict with the above language. *Id.*[1]

---

1. The legislative history of proposed Code § 545(b) provides: "Subsection (b) limits the trustee's power to avoid tax liens under federal, state, or local law. For example, under section 6323 of the Internal Revenue Code [sic] Once public notice of a tax lien has been filed, the government is generally entitled to priority over subsequent lienholders. However, certain purchasers who acquire an interest in certain specific kinds of personal property will take free of an existing filed tax lien attaching to such property. Among the specific kinds of personal property which a purchaser can acquire free of an existing tax lien (unless the buyer knows of the existence of the lien) are stocks and securities, motor vehicles, inventory, and certain household goods. Under the present Bankruptcy Act (section 67(c)(1)), the trustee may be viewed as a bona fide purchaser, so that he can take over any such designated items free of tax liens even if the tax authority has perfected its lien. However, the reasons for enabling a bona fide purchaser to take these kinds of assets free of an unfiled tax lien, that is, to encourage free movement of these assets in general commerce, do not apply to a trustee in a title 11 case, who is not in the same position as an ordinary bona fide purchaser as to such property. The bill accordingly adds a new subsection (b) to section 545 providing, in effect, that a trustee in bankruptcy does not have the right under this section

■ Although the IRS spends a great deal of time discussing the legislative history behind Code § 545 this Court need not delve into that here because the statute can be interpreted on its face. *In re Lomas*, 92 Daily Journal D.A.R. 16247, 16248. "[W]here, as here, the statute's language is plain, the sole function of the Courts is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Accordingly, the legislative history is not controlling here.

Further, the IRS asserts two policy reasons why a debtor-in-possession should be prohibited from avoiding a federal tax lien. The first reason is that by allowing a debtor-in-possession to avoid such tax liens, the purpose of the super-priority provision in IRC § 6323(b), which is to encourage the free movement of the assets in the general commerce, is violated. The second argument is that other courts have held that certain liens granted under state statutes cannot be avoided by a trustee.

■ While the IRS asserts valid policy reasons for not allowing a debtor-in-possession to avoid federal tax liens, as previously stated, this Court's determinant is the plain language of the statutes which must be enforced according to its literal terms. *Patterson .v. Shumate*, —— U.S. ——, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *Union Bank v. Wolas*, —— U.S. ——, 112 S.Ct. 527, 116 L.Ed.2d 514 (1991); *Toibb v. Radloff*, —— U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). As previously noted, Code § 545(2) may be used to avoid federal tax liens on property of the types specified in IRC § 6323(b). Furthermore, under IRC § 6323(b) a purchaser of the enumerated assets without actual knowledge of the tax lien will take those assets free and clear of the lien even where a NFTL has been recorded. Thus, so long as the elements of IRC §§ 6323(b)(1) and (b)(2) are satisfied, the clear intention of Congress is to give the Debtors the power to avoid federal tax liens under Code § 545(2).

to take otherwise specialty treated items of personal property free of a tax lien filed before the filing of the petition." S.Rep. No. 95–989, 95th

**B.** Whether the Debtors may, under Code § 545(2) and IRC §§ 6323(b)(1) and (b)(2), avoid the federal tax liens?

■ When a federal tax is assessed, a lien arises on virtually all the taxpayers' property. 26 U.S.C. §§ 6321, 6322 (1988). The lien imposed by IRC § 6321 is not valid against any subsequent "purchaser" until a NFTL has been filed in accordance with 26 U.S.C. § 6323(f) (1988). 26 U.S.C. § 6323(a) (1988 & Supp. II 1990). Under the IRC a "purchaser" is defined as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6) (1988). Thus, a bona fide purchaser for value of a taxpayer's property will take that property free and clear of the tax lien if no NFTL has been filed in accordance with IRC § 6323(f). *See e.g., Newnham v. United States*, 813 F.2d 1384 (9th Cir.1987).

The IRS claims that the characteristics of the purchaser protected by IRC § 6323(b) are not shared by the Debtors. To support this claim, the IRS contends that the Debtors have not purchased any security interest whatsoever. Furthermore, nothing in the IRC suggests that the Debtors should have super-priority status under IRC § 6323(b) simply because they have the power to avoid a lien not enforceable against a hypothetical bona fide purchaser. The IRS contends that a "purchaser" under IRC § 6323(b) must be a real purchaser without actual notice and the fact that the filed NFTL in existence at the time this case was commenced gives constructive notice of the tax lien and eliminates the possibility of any hypothetical bona fide purchaser under Code § 545(2).

■ Where the IRS errs is in the fact that Code § 545(2) must be read in conjunction with IRC § 6323 in that constructive notice of the NFTL does not, by itself,

Cong., 2d Sess. 85–86 (1978), U.S.Code Cong. & Admin.News 5787, 5871–5872 (1978).

render the federal tax lien valid as against a hypothetical bona fide purchaser. Actual notice is required. While, as the IRS contends, it is well settled law that a bona fide purchaser in California is a person who purchases in good faith, for valuable consideration and without actual or constructive notice of any defect in title or adverse claim to the property, *Merrill v. Department of Motor Vehicles*, 71 Cal.2d 907, 920, 80 Cal.Rptr. 89, 458 P.2d 33 (1969); Cal.Civ.Code §§ 1213, 1214 (West 1982 & Supp.1992); *Hochstein v. Romero*, 219 Cal. App.3d 447, 452, 268 Cal.Rptr. 202 (4th Dist.1990), the focus of this Court's inquiry is the effect of the filing of the NFTL on the ability of a hypothetical bona fide purchaser to acquire property free and clear of the lien under IRC § 6323(b), the statutory scheme in question. Cases that the IRS has cited which interpret state statutory schemes are not authoritative. Thus, as a hypothetical bona fide purchaser may acquire property enumerated in IRC § 6323(b) free and clear of a lien notwithstanding the fact that public notice of the lien has been recorded, the Debtors may avoid the lien with respect to such property under Code § 545(2).

With respect to the tax lien securing the 1983 tax assessment, the Debtors seek to avoid this lien as to all of their real and personal property. Since no NFTL was filed prior to the date of the bankruptcy petition, a hypothetical bona fide purchaser of all of the Debtors' real and personal property could have acquired such property free and clear of this tax lien as of the date of the bankruptcy petition. 26 U.S.C. § 6323(a) (1988 & Supp. II 1990); *Newnham v. United States*, 813 F.2d 1384 (9th Cir.1987). Accordingly, under Code § 545(2) the Debtors may avoid this lien for 1983 federal taxes as to all of their real and personal property.

Even when a NFTL has been properly filed, "purchasers" of certain types of property from the taxpayer will take that property free and clear of the federal tax lien. This so-called super priority IRC section was enacted "to encourage free movement of these assets in general commerce,"

and to protect bona fide purchasers, who obtained the assets without knowledge of the preexisting lien. *See* S.Rep. No. 95–989, 95th Cong., 2d Sess. 86 (1978).

As one example, IRC § 6323(b)(1) provides that an IRS lien is not valid with respect to bona fide purchasers of "securities" who take without actual notice or knowledge of the existence of a valid NFTL. The term "security" is defined as follows:

Any bond, debenture, note or certificate or other evidence of indebtedness, issued by a corporation or a government or political subdivision thereof, with interest coupons or in registered form, share of stock, voting trust certificate, or any certificate of interest or participation in, certificate of deposit or receipt for, temporary or interim certificate for, or warrant or right to subscribe to or purchase, any of the foregoing; negotiable instrument; or money.

26 U.S.C. § 6323(h)(4) (1988). Thus, a bona fide purchaser of stock or of money will take the stock and money free and clear of a federal tax lien even where a NFTL was filed prior to the transaction. *See e.g., United States v. Hartsell*, 59–1 U.S.T.C. ¶ 9162 (E.D.Mich.1957), *aff'd*, 261 F.2d 593 (6th Cir.1958) (stock shares of closely held corporation); *Fritschler, Pellino, Schrank & Rosen v. United States*, 716 F.Supp. 1157 (E.D.Wis.1988) (money).

As the Debtors' corporate stock holdings are securities as defined by IRC § 6323(h)(4), the IRS does not pose any argument regarding the applicability of this section to the Debtors' stock holdings. Accordingly, the Debtors may avoid the tax liens as to their corporate stock holdings. The IRS does contend, however, that the Debtors' money in banks and retirement accounts do not constitute securities under IRC § 6323(b)(1). In support of this contention the IRS cites *Christison v. United States*, 960 F.2d 613 (7th Cir.1992).

In *Christison*, the Court held that the debtor's right to receive payments from a lessor under a lease agreement, which provided that the lessor hold in trust sums collected with respect to sales made by the

debtor and settled with debtor for each month was not money within the meaning of IRC § 6323(b)(1). *Id.* at 617. The Court relied on the Uniform Commercial Code's definition of money which, as the Court noted, does not include the right to receive money but is limited to currency. *Id.* at 616. Instead, the debtor's property right to receive a net lump sum each month from unsegregated funds held by the lessor would be considered a general intangible under Article 9 of the Uniform Commercial Code. *Id.*

Unlike the debtor in *Christison,* the Debtors in this case are not seeking to avoid a tax lien on a right to receive funds. Instead, the Debtors are seeking to avoid the IRS liens as to money on hand and money in banks and retirement accounts. This is the kind of money that Congress intended to be defined as a security; the kind that one could bite, feel or pinch. *United States v. First National Bank,* 458 F.2d 560, 563 (6th Cir.1972).

Support for this conclusion can be found in the legislative history of IRC § 6323(b) where an attempt to enforce such liens would impair the negotiability of securities and seriously interfere with business transactions. H.R.Rep. No. 855, 76th Cong., 1st Sess. at 26, 1939–2, Cum.Bull. 504, 524; *See also Christison,* 960 F.2d at 616. Without this provision, an individual or entity receiving money from a delinquent taxpayer would be taking it subject to a government lien, an impossible situation. *Christison,* 960 F.2d at 616. "Consequently, § 6323(b) was enacted so that the government's lien would not prevail against a bona fide purchaser of freely transferable or negotiable property such as ... checks and currency." *Id.* Accordingly, the Debtors, as a hypothetical bona fide purchaser, may avoid the federal tax liens as to the money on hand and money in bank and retirement accounts.

Similarly, a purchaser of a "motor vehicle" will take the motor vehicle free and clear of a federal tax lien even where a NFTL was filed prior to the transaction provided that the purchaser comply with the following conditions. The purchaser must not have had actual notice or knowledge of the lien at the time of the purchase and the purchaser must have acquired and retained actual possession of the vehicle before obtaining notice or knowledge of the lien. 26 U.S.C. § 6323(b)(2) (1988). Thus, a bona fide purchaser of a motor vehicle takes the vehicle free and clear of a filed federal tax lien. *See, e.g.,* 26 C.F.R. 301.-6323(b)–1(b)(2) (1992).

The Debtors assert that under IRC § 6323(b)(2) they are entitled to avoid the IRS' tax lien as to a 1986 Jeep Station Wagon. The IRS, however, claims that in order for the Debtors to take advantage of IRC § 6323(b)(2), not only does a person need to be a purchaser of a motor vehicle without notice of a federal tax lien, but that person must actually obtain possession of the motor vehicle. 26 C.F.R. 301.-6323(b)–1 (1992). Thus, the IRS claims that even if the Code grants the Debtors some avoiding powers as a hypothetical purchaser at the time the case is commenced, the IRS contends that the Code does not grant the Debtors "hypothetical possession" at the time the case is commenced. In support of this contention the IRS cites *In re Loretto Winery Ltd.,* 898 F.2d 715 (9th Cir.1990).

In *Loretto Winery,* the Chapter 7 trustee brought a complaint to avoid a producer's lien on partially processed grapes that had been delivered to the debtor processor. Under the California statute in question, the lien remained on the grapes only so long as the processor retained possession. *Id.* at 721. In determining whether the trustee could avoid the lien, the Court refused to assume that a hypothetical bona fide purchaser in whose shoes the trustee stood had possession of the grapes when the debtor actually had possession of the grapes at the moment when the bankruptcy petition was filed. *Id.* The Court noted that the mere creation of a bankruptcy estate does not transfer actual possession away from the Debtors. *Id.; see also In re Sierer,* 139 B.R. 752, 755 (N.D.Fla.1991).

Unlike *Loretto Winery* where the lien remained on the grapes only so long as the processor retained possession, the lien un-

der § 6323(b)(2) may be avoided if the Debtors remained in possession of the motor vehicle, which they did. In this case the Debtors remain in possession of the motor vehicle. To hold otherwise would simply ignore the fact that the Debtors were in physical possession of the automobile before the lien was filed. *In re Sierer*, 139 B.R. at 755. Accordingly, the Debtors have satisfied the requirements set forth in IRC § 6323(b)(2) and, pursuant to Code § 545(2), may avoid the federal tax lien filed against the 1986 Jeep Station Wagon.

## III. CONCLUSION

This Court's review of applicable law compels the conclusion that the Debtors, as a hypothetical bona fide purchaser, may utilize 11 U.S.C. § 545(2) of the bankruptcy code to avoid federal tax liens filed against property enumerated in 26 U.S.C. § 6323(b)(1) and (b)(2) of the Internal Revenue Code. Therefore, the Debtors may avoid the federal tax lien securing the 1983 tax assessment as against all of their real and personal property. Also, the Debtors may avoid the tax liens securing the 1981 and 1982 tax assessments as against the Debtors' (1) money including money on hand, money in banks and retirement accounts; (2) corporate stock in J. Fred Znider, M.D., Inc., Bank of Orange County, Bank of Westminster; and (3) their 1986 Jeep Station Wagon.

This memorandum of decision contains this Court's findings of fact and conclusions of law. Counsel for the Plaintiffs shall lodge and serve a proposed order consistent with this memorandum of decision.