**DW INDUSTRIES, INC.; et al.,**
Plaintiffs—Appellees,

v.

**DENTSPLY INTERNATIONAL, INC.,**
Defendant—Appellant.

No. 04-16004.

D.C. No. CV-03-01248-PMP/LRL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2006.

Decided March 14, 2006.

Martin C. Washton, Angelique Kaounis, Gibson Dunn & Crutcher, LLP, Los Angeles, CA, William M. Noall, Gordon & Silver Ltd., Las Vegas, NV, for Plaintiffs–Appellees.

Aaron Lovaas, Alverson Taylor Mortensen, Las Vegas, NV, David E. Lehman, Devin J. Chwastyk, McNees Wallace & Nurick, Harrisburg, PA, for Defendant–Appellant.

Before HALL, SILVERMAN, and GRABER, Circuit Judges.

MEMORANDUM *

Dentsply appeals from an order denying its motion to dismiss or stay proceedings pending arbitration. Because the claims set forth in DW Industries' complaint fall under the arbitration clause in the parties' Purchase Agreement, we reverse and remand to the district court with instructions to dismiss the complaint.

With the exception of claims for specific performance or injunctive relief, the arbitration clause at issue requires arbitration of any dispute *relating to* the Purchase Agreement or "the transactions contemplated by" the Purchase Agreement. That clause is far broader than one requiring arbitration of any dispute "arising in connection with" an underlying agreement, which we have construed as extending to every dispute with a "significant relation-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

ship" to the agreement. *See Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 720–21 (9th Cir.1999) (arbitration clause chosen by parties must be interpreted "liberally"); *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1131 (9th Cir. 2000) (clause requiring arbitration of any dispute "relating to" agreement is "broad and far reaching").

As to DW Industries' claims for unpaid royalties under the License Agreement,[1] its complaint reveals the link between that Agreement and the bargain it sought by entering into the Purchase Agreement. For instance, DW Industries alleges that, after the closing of the Purchase Agreement, Dentsply understood "that the [plaintiffs] were depending upon Dentsply to fully exploit its right to use, manufacture and sell the patented Sani–Tip System Products in order to maximize ... royalties."[2] Indeed, the parties entered into a separate letter agreement "by which [Dentsply] agreed to commit to an advertising budget, marketing plans and technical customer service support in order to preserve and increase the sales of the Sani–Tip System Products worldwide."[3]

Although the arbitration clause excludes claims for specific performance, DW Industries' claim for an accounting amounts to nothing more than the means by which damages can be calculated, and is *not* a separate and distinct claim for unique services.[4] *See Newnham v. United States,* 813 F.2d 1384, 1386 (9th Cir.1987) (specific performance is available where the subject matter of the contract "is considered so unique that a money judgment does not suffice for a remedy"). Given the allegations in the complaint, we have no doubt that there is a "significant relationship" between the Purchase Agreement and DW Industries' claims.[5]

We disagree with DW Industries' argument that the arbitration clause merely raised a presumption of arbitrability that it rebutted with evidence that the parties actually meant to exclude the type of claims in this case. Assuming the parol evidence rule does not render such evidence inadmissible, we find it insufficient to contradict the plain language of the Purchase Agreement, which on its face does *not* carve out for different treatment disputes over royalties. *See Chiron Corp.,* 207 F.3d at 1132 (res judicata effect of prior arbitration award is itself arbitrable; parties agreed to arbitrate "any dispute" relating to joint venture agreement, and "[n]owhere [in the agreement] is the defense of res judicata treated differently or singled out for exclusion" (internal quotations omitted)). In particular, we note that Wasserman's affidavit is uncorrob-

---

1. The second cause of action in the complaint, wherein DW Industries alleges that Dentsply improperly settled a patent infringement action against two competitors, also seeks unpaid royalties. Compl. ¶¶ 22–23 (Dentsply "license[d] DCI and CPI to manufacture, use and sell the infringing products without any payment of royalties to plaintiffs ... [and has] continued to ... receive royalties under *its* License Agreement with DCI and CPI.").

2. *Id.* ¶ 14.

3. *Id.*

4. *Id.* ¶ 39 ("The amount of royalties and additional purchase price due from defendant Dentsply to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without an accounting of the national and international sales by defendant....").

5. To the extent that DW Industries seeks damages for Dentsply's alleged failure to pay the so-called "additional purchase price," that constitutes a breach of the Purchase Agreement—*not* the License Agreement. Clearly, such claims fall under the arbitration clause in the Purchase Agreement without regard to the "significant relationship" test.

orated, and offers no specifics as to when or how Dentsply's alleged proposal was offered or rejected.

**REVERSED AND REMANDED.**