**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-56823 |
| Plaintiff - Appellee, | D.C. No. 2:04-cv-02788-ABC-PLA |
| v. | |
| OPTIONAL CAPITAL, INC., AKA Optional Ventures, | MEMORANDUM* |
| Claimant - Appellant, | |
| And | |
| 475 MARTIN LANE, BEVERLY HILLS, CALIFORNIA, Real Property Located at, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted March 2, 2015
Pasadena California

Before: REINHARDT, N.R. SMITH, and HURWITZ, Circuit Judges.

---

       *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Optional Capital, Inc. ("Optional") appeals the district court's order denying (1) Optional's motion for attorney's fees pursuant to the fee-shifting provision of the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465(b)(1)(A), and (2) Optional's motion for attorney's fees under 26 U.S.C. § 7430(a)(2). We affirm.

1.     Optional is not entitled to an award of attorney's fees under CAFRA, because it was not the prevailing party "in any civil proceeding to forfeit property." 28 U.S.C. § 2465(b)(1)(A). Our prior rulings in this case indicate that, after the Government lost its forfeiture claim against properties seized from the Kim Claimants, the district court adjudicated Optional's claims to the properties in a separate *in rem* proceeding. *See United States v. Real Prop. Located at 475 Martin Lane*, 545 F.3d 1134, 1144-46 (9th Cir. 2008); *United States v. DAS Corp.*, 406 F. App'x 154, 159-60 (9th Cir. 2010). By the time Optional obtained ownership of the properties in the separate proceeding, the Government had been dismissed from the case and its forfeiture claims had been defeated by the Kim Claimants. After the forfeiture proceedings were concluded, the district court awarded attorney's fees to the Kim Claimants under CAFRA. Optional has not pointed to any work it performed that was "useful" or "necessary to secure" victory against the Government in the forfeiture proceedings. *See Pennsylvania v. Del. Valley*

*Citizens' Council for Clean Air*, 478 U.S. 546, 561 (1986) (internal quotation marks omitted).

2.     Optional is also not entitled to attorney's fees under 26 U.S.C. § 7430(a)(2), which provides that "[i]n any . . . court proceeding which is brought by or against the United States in connection with the . . . collection . . . of any tax . . . the prevailing party may be awarded" attorney's fees.  The district court allowed the Government to act as an "observer" in the separate *in rem* action between Optional and the Kim Claimants because the Government had tax liens on the properties in dispute.  Optional contends that it defeated these liens by obtaining a judgment recognizing its ownership of the properties, citing to *Newnham v. United States*, 813 F.2d 1384, 1385-86 (9th Cir. 1987).  Despite its non-party status, the Government participated in the *in rem* proceeding in two primary ways: (1) the Government responded to Optional's motion to determine lien priority in the properties; and (2) the Government attempted to assert its liens after Optional and the Kim Claimants settled their ownership claims in Optional's favor.  With regard to the first, Optional lost on summary judgment when the district court concluded that the Government's tax lien was superior to Optional's judgment lien.  With regard to the second, when the Government objected to Optional's proposed findings of fact confirming its ownership of the properties, Optional asked the

court to strike the Government's objections; the district court agreed, holding that the Government was not a claimant and lacked standing. The district court's order distinguishes this case from *Newnham*. Accordingly, Optional was not a prevailing party in a proceeding to collect taxes under § 7430(a)(2). *See Buckhannon Bd. and Care Home, Inc. v. West Virginia*, 532 U.S. 598, 603-06 (2001).

**AFFIRMED.**